Richard Wells, on his own behalf and on behalf of all those similarly situated *v.* The Pittsburgh Board of Public Education. Richard Wells, Appellant.

Argued May 3, 1977, before President Judge Bow-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Henry H. Wallace*, with him *Russell J. Ober, Jr.*, and *Wallace, Chapas & Ober*, for appellants.

*Robert J. Stefanko*, First Assistant Solicitor, with him *Justin M. Johnson*, Solicitor, for appellee.

*Thomas A. Beckley, Bradley S. Gelder*, and, of counsel, *Beckley & Madden*, for amicus curiae, Pennsylvanians for Right to Work.

OPINION BY PRESIDENT JUDGE BOWMAN, June 27, 1977:

Richard Wells (appellant) appeals from the dismissal on preliminary objections in the nature of a demurrer of Counts I and II of his class action complaint—said Counts being directed against The Pittsburgh Board of Public Education (Board).[1]

Preliminary objections in the nature of a demurrer admit as true all well and clearly pleaded material factual averments and all inferences fairly deducible therefrom. *Yania v. Bigan*, 397 Pa. 316, 155 A.2d 343 (1959). Conclusions of law and unjustified inferences are not so admitted. *Lerman v. Rudolph*, 413 Pa. 555, 198 A.2d 532 (1964). It was thus the task of the court below to examine the complaint and to consider whether a cause of action was stated which, if proved, would entitle appellant to the relief he seeks. If upon such examination there remains doubt as to the propriety of dismissing the complaint, a demurrer must not be sustained. *Borden v. Baldwin*, 444 Pa. 577, 281 A.2d 892 (1971).

The facts as averred are as follows. Appellant and those whom he purports to represent were, at all times pertinent to these proceedings, employed as public school teachers in Pittsburgh but were not members of The Pittsburgh Federation of Teachers, Local 400, American Federation of Teachers.

From December 1, 1975 until a date not to be found in the record of these proceedings, there occurred in Pittsburgh a union-sanctioned strike of public school teachers as defined by Section 301(9) of the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.301(9). Appel-

---

[1] The disposition of a third Count directed against The Pittsburgh Federation of Teachers, Local 400, American Federation of Teachers, and its president is not before us.

4

lant avers that at all times throughout the duration of this strike he and other nonunion teachers did not participate in strike activities and were at all times ready, able and willing to work and would have done so but for the decision of the Board to close down the entire school system. Count I of the complaint sounds in common law contract. Count II is based upon Sections 1153 and 1155 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§11-1153, 11-1155.[2]

The Board's demurrer to both counts invoked Section 1153 for the proposition that a school board is required to pay teachers' salaries notwithstanding a closing, only when such closing is due to contagious disease or destruction of the physical premises ''by fire or other causes.'' Section 1153 of the Code.

The court below having sua sponte taken judicial notice of the ''fact'' that the strike made it impossible to keep open the school system sustained the demurrer to Count I on the theories of impossibility of performance and frustration of contractual purpose. It dismissed Count II by concluding that Section 1153 of the Code must be limited to those cases in which

[2] The first paragraph of Section 1153 provides:

When a board of school directors is compelled to close any school or schools on account of contagious disease the destruction or damage of the school building by fire or other causes, the school district shall be liable for the salaries of the teachers of said school or schools for the terms for which they were engaged. Whenever a teacher is prevented from following his or her occupation as a teacher, during any period of the school term, for any of the reasons in this section specified, the school district shall be liable for the salary of such teacher for such period, at the rate of compensation stipulated in the contract between the district and the teacher, in addition to the time actually occupied in teaching by such teacher.

a school is closed because of contagious disease or by reason of destruction of the premises. We reverse.

It was inappropriate for the court below to have taken judicial notice of the "impossibility" of operating the school system during the strike. Judicial notice is intended, *inter alia*, to avoid the necessity of formally introducing evidence in those limited circumstances where the fact sought to be proved is so well known in the jurisdiction that evidence in support thereof is unnecessary. It should not, however, operate to deprive the opposing party of the opportunity to disprove the fact. *Albert Appeal*, 372 Pa. 13, 92 A.2d 663 (1952). Nor may judicial notice be carried so far as to make it impossible for an appellate court to determine upon what basis factual findings were made. This, coupled with a denial of opportunity to introduce contrary evidence or engage in cross-examination, would be a denial of due process. *Alko Express Lines v. Pennsylvania Public Utility Commission*, 152 Pa. Superior Ct. 27, 30 A.2d 440 (1943).

As already stated, the court below was bound to accept as true the averments of the complaint. On this point, the Superior Court, in *Clouser v. Shamokin Packing Co.*, 240 Pa. Superior Ct. 268, 275-76, 361 A.2d 836, 840-41 (1976), has said:

> Although there does not seem to be any reason entirely to preclude a judge from taking judicial notice at the demurrer stage, the use of the doctrine should be severely limited: 'In ruling on a demurrer, the judge must decide whether the complaint itself states a cause of action. . . . It has been argued, therefore, that judicial notice cannot be applied to the construction of a pleading and that, in ruling upon a demurrer, while the court must take as true every fact well pleaded, it must assume no

others. This broad contention has been rejected as a basis for completely prohibiting the use of judicial notice in ruling upon a demurrer. . . . However, in light of the judge's limited function in ruling on a demurrer, there appears to be cogent reasons for urging a very limited use of judicial notice in this area. A court, in ruling on a demurrer, should refrain from noticing any fact which is not literally indisputable and which the parties could not reasonably raise in further pleadings or on argument at trial.' Comment, The Presently Expanding Concept of Judicial Notice, 13 Vill. L. Rev. 528, 536-537 (1968). . . . In effect, therefore, the court asked appellant to plead evidence in support of its . . . claims. At the demurrer stage, however, the motion should be denied when the plaintiff states a cause of action. . . . In passing on a demurrer, it is procedurally improper for a court to request additional pleadings.

We would add that under Pa. R.C.P. No. 1030, impossibility of performance is an affirmative defense. Not being available to a defendant at the preliminary objection stage, and never having been raised by the Board, the court below should not have sustained the demurrer for this reason alone. *Cf. Robert F. Felte, Inc. v. White*, 451 Pa. 137, 302 A.2d 347 (1973).

The court below also erred in dismissing Count II. We need not engage at this time in lengthy discourse of statutory construction principles applicable to the meaning of Section 1153. A factual matrix to determine whether the Board was "compelled" to close the schools must first be established. By sustaining the demurrer, the court below denied appellant the opportunity to introduce evidence on this crucial point. Indeed, if appellant can prove the Board was not com-

pelled to close the schools, Section 1153 will play no part in these proceedings and an interpretation of its remaining provisions will be unnecessary.

ORDER

Now, June 27, 1977, the order of the court below is reversed and these proceedings are remanded for further proceedings consistent with this opinion.