Rockwood Insurance Company, Appellant *v.*
Pennsylvania Automobile Insurance Plan et al.,
Appellees.

Argued November 14, 1979, before President
Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer and Rogers. Judges Blatt, DiSalle, Craig and MacPhail did not participate.

*Roger C. Peterman*, with him *Alfred Sarowitz*, for movant.

*Paul Adams,* Assistant Attorney General, with him *James R. Farley,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for Pennsylvania Insurance Department, respondents.

*John J. McClean* and *Melvin L. Moser, Jr.,* of *Buchanan, Ingersoll, Rodewald, Kyle & Buerger,* with him *Martin J. Hertz,* of *Friedlander, Gaines, Cohen, Rosenthal & Rosenberg,* for Pennsylvania Automobile Insurance Plan and John R. Murphy, intervening respondents.

OPINION BY PRESIDENT JUDGE BOWMAN, March 19, 1980:

Appellant Rockwood Insurance Company (Rockwood) has filed a motion to retransfer to the Court of Common Pleas of Somerset County its suit in equity against the Pennsylvania Automobile Insurance Plan (Plan),[1] into which the Pennsylvania Insurance Department (Department) has intervened as an additional defendant.[2] The trial court transferred the case here pursuant to Section 5103(a) of the Judicial Code, 42 Pa. C.S. §5103(a), based upon its conclusion that the Department is an indispensable party to the litigation and that therefore exclusive original jurisdiction lies in this Court. The sole issue that confronts

---

[1] The Plan is an agreement approved and supervised by the Pennsylvania Insurance Commissioner and subscribed to by all insurers writing motor vehicle no-fault benefits and tort liability coverages in Pennsylvania.

[2] In a collateral proceedings before Judge MENCER, also docketed to No. 23 T.D. 1979, this Court entered two orders on August 30, 1979 and filed an Opinion in support thereof on October 19, 1979 in which we dissolved a preliminary injunction restraining the Plan and John R. Murphy its manager from assigning private motor vehicle insurance applications to Rockwood. Rockwood's appeal from these orders is currently pending before the Supreme Court (No. 399 January Term 1979).

us presently is whether the Department is in fact an indispensable party. We find that it is, and therefore deny Rockwood's motion to retransfer.

In its complaint against the Plan, Rockwood challenges both the Plan's interpretation of certain provisions of the agreement governing the assignment to certain insurers of automobile insurance applications of persons who cannot obtain insurance through ordinary methods, and the Plan's authority to include the contested provisions in its agreement with insurers pursuant to Section 105(a)(3) of the Pennsylvania No-fault Motor Vehicle Insurance Act (Act), Act of July 19, 1974, P.L. 489, 40 P.S. §1009.105(a)(3). Arguing that a resolution of the issues raised could affect its policies and would necessitate a construction of the Act, the Department sought and was granted leave to intervene before the trial court as an additional defendant in Rockwood's suit.

The Department here argues that its involvement in the initial approval and ongoing supervision of the Plan, inasmuch as the Plan is the "plan" mandated by Section 105 of the Act, 40 P.S. §105, compels the conclusion that it is an "indispensable party" to Rockwood's suit. We agree.

Section 105(a)(1) of the Act, 42 P.S. §1009.105(a) (1) provides in pertinent part that the insurance commissioner shall

> establish and implement or approve and supervise a plan assuring that any required no-fault benefits and tort liability coverages for motor vehicles will be conveniently and expeditiously available, subject only to payment or provisions for payment of the premium, to each individual who cannot conveniently obtain insurance through ordinary methods at rates not in excess of those applicable to similarly situated individuals under the plan.

Section 105(a)(3) of the Act, 40 P.S. §1009.105(a)(3) requires further that the plan shall provide for

equitable apportionment, among all participating insurers writing any insurance coverage required under the plan, of the financial burdens of insurance provided to applicants under the plan and the costs of operation of the plan.

Pursuant to and in fulfillment of these statutory requirements the Department through its commissioner approved the Plan, which includes the provisions Rockwood challenges, in a rate filing as amended May 20, 1975. In so approving, the Department did not and could not relinquish its involvement in the Plan, but retained the power, through its commissioner, to "adopt rules, make orders [and] enter into agreements" in order to carry out the objectives of the required plan. Section 105(a)(5) of the Act, 40 P.S. §1009.105(a)(5). Since 1975, the Insurance Commissioner has initiated and participated in the amending of specific provisions of the plan, thus involving the Department in a process of ongoing supervision.

In our view, this statutorily mandated and actually experienced involvement by the Department with the Plan necessitates a finding that the Department is an indispensable party to Rockwood's suit against the Plan. As we recognized in *Ross v. Keitt,* 10 Pa. Commonwealth Ct. 375, 308 A.2d 906 (1973):

'In equity actions, a party is indispensable when his interest in the proceeding is of such nature that a final decree cannot be made therein without affecting his interest or leaving the controversy in such a condition that a final determination may be wholly inconsistent with equity and good conscience. Gardner v. Allegheny County, 382 Pa. 88, 114 A.2d 491 (1955).'

10 Pa. Commonwealth Ct. at 378, 308 A.2d at 907. *See also Keitt v. Ross,* 17 Pa. Commonwealth Ct. 183, 189,

331 A.2d 582, 584 (1975). Here, where the issues upon which Rockwood seeks a final decree in equity against the Department-approved Plan affect directly the Department's duty to approve a plan providing for no-fault benefits and liability coverages, and where a decision favoring Rockwood will require the Department to either supervise necessary modifications of the terms of the Plan, or to establish or approve a new plan consistent with Section 105 of the Act as interpreted, it seems clear that a final decree cannot be made without affecting the Department's interest.[3]

Since we find that the Department is an indispensable party to Rockwood's suit against the Plan we must also conclude, pursuant to Section 761(a)(1) and (b) of the Judicial Code, 42 Pa. C.S. §761(a)(1), (b), that this Court has exclusive jurisdiction over the suit. We therefore deny Rockwood's motion to retransfer.

### Order

Now, March 19, 1980, appellant Rockwood Insurance Company's motion to retransfer the above action to the Court of Common Pleas of Somerset County is hereby denied.

The foregoing opinion and Order were prepared by President Judge Bowman prior to his death. They

---

[3] Rockwood cites *Greenfield v. Pennsylvania Insurance Guarantee Association*, 24 Pa. Commonwealth Ct. 127, 353 A.2d 918 (1976) as authority for its argument that the Department is not an indispensable party. However, that case holds only that a suit initiated against the Pennsylvania Insurance Guarantee Association, an entity arguably similar to the Plan, is not a suit against an agency of the Commonwealth. The question of whether the Plan is an agency of the Commonwealth is not at issue here. To the contrary, at issue is whether, on the basis of allegations contained in Rockwood's complaint against the Plan and in light of the Department's intervention as an additional defendant, the Department is an "indispensable party" to Rockwood's suit.

are hereby adopted as the opinion and Order of the Court.

Judge DiSalle did not participate in the decision in this case.