Insurance Adjustment Bureau, Petitioner *v.* The Insurance Commissioner for the Commonwealth of Pennsylvania, Respondent.

Argued September 10, 1984, before Judges WILLIAMS, JR. and BARRY, and Senior Judge BLATT, sitting as a panel of three.

492

*Richard M. Ochrock,* for petitioners.

*Jerome T. Foerster,* Deputy Attorney General, with him, *Allen C. Warshaw,* Senior Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, December 20, 1984:

The Insurance Adjustment Bureau (petitioner) has filed a petition for review addressed to our Court's original jurisdiction, seeking a declaratory judgment and injunctive relief against the Insurance Commissioner for the Commonwealth of Pennsylvania (respondent). The petitioner seeks to have the second and third sentences of Section 5(a) of the Act of December 20, 1983 (Act), P.L. 260, 63 P.S. §1605(a) declared unconstitutional as violative of its right to equal protection and to freedom of speech, and asks this Court to permanently enjoin[1] the Commissioner from enforcing those portions of the Act. Presently

---

[1] On April 26, 1984, the petitioner was granted a preliminary injunction by Judge BARBIERI of this Court, enjoining the respondent from administering and enforcing the provisions of the Act involved in this action. A preliminary injunction was also issued by Judge WILLIAMS on January 18, 1984, in a related case challenging the same provisions of the Act insofar as they apply to solicitation concerning non-residential properties. *See Young Adjustment Company v. The Insurance Commissioner,* No. 3642 C.D. 1983 (Pa. Cmwlth. Jan. 18, 1984) (order granting preliminary injunction).

before us for disposition is the Commissioner's preliminary objection, in the form of a demurrer, to the petitioner's complaint.

It is well established that for purposes of determining preliminary objections in the form of a demurrer, the Court must accept as true all well-pleaded facts and reasonable inferences which may be deduced therefrom, but not conclusions of law. *Moyer v. Davis*, 67 Pa. Commonwealth Ct. 251, 466 A.2d 1355 (1982), *aff'd*, 501 Pa. 192, 460 A.2d 754 (1983). It is also true that a demurrer may not be sustained unless the face of the complaint shows that the law will not permit recovery, and that any doubt should be resolved in favor of overruling the demurrer. *Association of Pennsylvania State Colleges and University Faculties v. Commonwealth*, 44 Pa. Commonwealth Ct. 193, 403 A.2d 1031 (1979). And, of course, in ruling on a demurrer a court may not consider facts not disclosed in the record. *Wells v. Pittsburgh Board of Public Education*, 31 Pa. Commonwealth Ct. 1, 374 A.2d 1009 (1977).

The pertinent portions of the Act referred to in the complaint provide that:

No public adjustor or public adjustor solicitor shall solicit a client for employment within 24 hours of a fire or other catastrophe or occurrence which is the basis of the solicitation. With respect to a fire, the 24-hour period shall begin at such time as the fire department in charge determines that the fire is extinguished.

63 P.S. §1605(a).

The complaint states that the respondent is charged with enforcing the provisions of the Act and that the petitioner is a public adjuster, employs solicitors, and that it has customarily been the practice of the petitioner to obtain so much of its business in the man-

ner proscribed by the Act that the petitioner will no longer be able to conduct its business if the subject provisions are given effect. The complaint alleges that other trades and businesses which solicit employment and business from insureds following fires and other catastrophes are not likewise limited by the Act or by any other statute from soliciting business from insureds during the period following such occurrences. It further alleges that the Act places no such solicitation prohibition upon adjusters employed by and on behalf of insurance companies. The petitioner alleges that these facts establish the alleged violations of its constitutional rights.

In support of its demurrer, the respondent asserts, *inter alia,* that the class of public adjusters is sufficiently dissimilar from the other trades or businesses to which the petitioner compares itself in its complaint so as not to implicate the equal protection clauses of either the Pennsylvania Constitution or the United States Constitution.[2] The proffered distinctions are, of course, factual contentions, the veracity of which may be readily determined at trial, but not, however, on the basis of a demurrer at the preliminary objection stage. We noted earlier that we are limited to considering facts of record in determining preliminary objections in the form of a demurrer. We will not, therefore, accept the respondent's contentions in this regard.

Nor may we use judicial notice to accept the distinctions advanced in support of the demurrer, as

_____

[2] The respondent's other arguments in support of its demurrer are to the effect that there is a rational basis for the distinctions made within the Act, that the provisions are not vague, and that the Act's prohibitions are a permissible regulation of commercial speech. These contentions, of course, go to the merits of the controversy, and are not appropriate for consideration here, where the inquiry is whether any valid claim has been alleged.

the respondent appears to suggest. We are severely limited as to facts of which we may take judicial notice, as indicated in *Wells v. Pittsburgh Board of Public Education,* 31 Pa. Commonwealth Ct. 1, 374 A.2d 1009 (1977), where we deemed it inappropriate for a court to take judicial notice of the impossibility of operating a public school during a union-sanctioned strike. Judicial notice is intended to avoid the formal introduction of evidence in limited circumstances where the fact sought to be proved is so well known that evidence in support thereof is unnecessary, but should not be used to deprive an adverse party of the opportunity to disprove the fact. *Id.* at 5, 374 A.2d at 1011.

The composition and qualities of the subject classes here necessarily involve resolution of disputed factual issues, and we are mindful of earlier decisions where we observed that a case is not tried at the preliminary objection phase of litigation. *General State Authority v. Sutter Corp.,* 69 Pa. Commonwealth Ct. 504, 452 A.2d 75 (1982). It would be inappropriate, therefore, to, in effect, dismiss this matter at this early stage, based upon the respondent's representations concerning the composition of the subject classes.

Declaratory judgment is available to determine validity of statutes pursuant to Sections 7532 and 7533 of the Declaratory Judgments Act, 42 Pa. C. S. §§7532-7533. We are satisfied that the petitioner has pled facts which may, at the least, state a cause of action for violation of its right to equal protection. Inasmuch as there appears to be no appropriate remedy at law to correct the asserted illegality, moreover, it appears that the petitioner may be entitled to relief in equity. *See Cedarbrook Realty, Inc. v. Nahill,* 484 Pa. 441, 399 A.2d 374 (1979). Having determined that the petitioner has stated a viable cause

of action, we will, accordingly, overrule the respondent's preliminary objection in the form of a demurrer. *Zemprelli v. Thornburgh,* 73 Pa. Commonwealth Ct. 101, 457 A.2d 1326 (1983).

ORDER

AND NOW, this 20th day of December, 1984, the respondent's preliminary objection in the above-captioned matter is overruled, and the respondent is directed to file an answer to the petitioner's Complaint and Petition for Review within thirty (30) days of the date of this order.