508 A.2d 1266

Rockwood Insurance Company, Plaintiff *v.* Pennsylvania Automobile Insurance Plan and John R. Murphy, c/o Pennsylvania Automobile Insurance Plan, Defendants.

Argued February 6, 1986, before Judges MACPHAIL, DOYLE and COLINS, sitting as a panel of three.

9

*Alfred Sarowitz,* for plaintiff.

*M. Hannah Leavitt,* Chief of Litigation, with her, *Paul Laskow,* Chief Counsel, for intervening defendant, Pennsylvania Insurance Department.

OPINION BY JUDGE MACPHAIL, May 5, 1986:

Rockwood Insurance Company (Rockwood) has filed a petition for review in the nature of an amended complaint challenging the Pennsylvania Automobile Insurance Plan's (Plan) alleged overassignment to it of automobile insurance applications of persons who cannot otherwise obtain insurance. The Pennsylvania Insurance Department (Department) intervened as an additional defendant. *See Rockwood Insurance Co. v. Pennsylvania Automobile Insurance Plan,* 50 Pa. Commonwealth Ct. 194, 412 A.2d 669 (1980). Presently before us for disposition are the Department's preliminary objections in the nature of a demurrer or, in the alternative, raising a question of jurisdiction. We will sustain the Department's preliminary objections in the nature of a demurrer.

Section 105(a) of the Pennsylvania No-Fault Motor Vehicle Act (No Fault Act)[1] provided:

---

[1] Act of July 19, 1974, P.L. 489, *formerly* 40 P.S. §1009.105, repealed by Section 8 of the Act of February 12, 1984, P.L. 26. Similar provisions are found at Sections 1741-1744 of the Motor Vehicle Financial Responsibility Law, 75 Pa. C. S. §§1741-1744.

(1) The Commissioner shall establish and implement or approve and supervise a plan assuring that any no-fault benefits and tort liability coverages for motor vehicles will be conveniently and expeditiously available, subject only to payment or provisions for payment of the premium, to each individual who cannot conveniently obtain insurance through ordinary methods....

....

(3) All insurers writing no-fault benefits and tort liability coverages in this Commonwealth shall participate in the plan. The plan shall provide for equitable apportionment, among all participating insurers writing any insurance coverage required under the plan, of the financial burdens of insurance provided to applicants under the plan and the costs of operation of the plan.

....

(5) To carry out the objectives of this subsection, the commission may adopt rules, make orders, enter into agreements with other governmental and private entities and individuals, and form and operate or authorize the formation and operation of bureaus and other legal entities.

The amended complaint alleges[2] that Rockwood has at all times been licensed to write motor vehicle insurance in Pennsylvania but discontinued writing private passenger motor vehicle insurance after May 1, 1977.

---

[2] For purposes of reviewing the preliminary objections, we must accept as true all of the factual averments of the petition. *Investigation Upon Commission Motion Into the Installment Sale Purchase Program of Metro Transportation Co.*, 87 Pa. Commonwealth Ct. 626, 488 A.2d 369 (1985).

Rockwood complied with obligations imposed on it by the Plan and did not receive applications after May 1, 1977.

On August 16, 1978, the Plan resumed assigning applications to Rockwood and reinstated Rockwood's alleged quota of assignments back to May 1, 1977. Rockwood did not receive any applications after December 31, 1983. It is Rockwood's position that since it voluntarily left the private passenger motor vehicle insurance market that the Plan could not continue its practice of assigning it new applications, or in the alternative, that the new applications exceeded Rockwood's quota of accepting such applications. Rockwood seeks relief from Plan assignments as well as monetary relief from losses incurred from accepting Plan assignments.

In its preliminary objections to the amended complaint, the Department alleges, *inter alia*, that Rockwood failed to exhaust its administrative remedies. We agree and will sustain the Department's preliminary objections on this basis.

In *Foremost Insurance Co. v. Insurance Department*, 82 Pa. Commonwealth Ct. 1, 474 A.2d 396 (1984), we held that Section 17(a) of The Casualty and Surety Rate Regulatory Act (Rate Act), Act of June 11, 1947, P.L. 538, *as amended*, 40 P.S. §1197(a) applied to insurers aggrieved by any action of the Commissioner regarding the Plan. Section 17(a) of the Rate Act states:

> Any insurer ... aggrieved by any action of the Commissioner, except disapproval of a filing or a part thereof as provided for in section five hereof, or by any rule or regulation adopted and promulgated by the Commissioner, shall have the right to file a complaint with the Commissioner and to have a hearing thereon before the Commissioner.

The Department argues that Rockwood has not alleged any facts demonstrating that pursuit of the reme-

dy provided by statute "will result in irreparable harm." Although we do not believe that "irreparable harm" is the correct standard, we do not agree that it would not be appropriate for the Court to entertain this petition at this time. As Justice NIX (now Chief Justice) noted in *Shenango Valley Osteopathic Hospital v. Department of Health,* 499 Pa. 39, 451 A.2d 434 (1982):

> The premature interruption of the administrative process restricts the agency's opportunity to develop an adequate factual record, limits the agency in the exercise of its expertise and impedes the development of a cohesive body of law in that area.... It is therefore clearly appropriate to defer judicial review when the question presented is one within the agency's specialization and when the administrative remedy is as likely as the judicial remedy to provide the desired result.

499 Pa. at 47-48, 451 A.2d at 438 (citations omitted). The issues raised in the amended complaint are within the purview of the Department's expertise. Moreover, factual issues requiring the development of a record are present. *Id.* We believe that the remedy afforded here through the administrative process is adequate, and that judicial review at this stage of the proceedings would constitute the "premature interruption of the administrative process." *Id; see also Canonsburg General Hospital v. Department of Health,* 492 Pa. 68, 422 A.2d 141 (1980). Accordingly, we will sustain the Department's preliminary objection in the nature of a demurrer.

## ORDER

The Preliminary Objection of the Insurance Department of the Commonwealth of Pennsylvania in the nature of a demurrer is hereby sustained and the Petition for Review is dismissed.