515 A.2d 1039

Harleysville Mutual Insurance Company, Harleysville, Pennsylvania 19438 (Van Laufer Matter), Petitioner *v.* Catastrophic Loss Trust Fund et al., Respondents.

Employee Benefit Plan of Harleysville Mutual Insurance Company, Harleysville, Pennsylvania 19438 (Lyons Matter), Petitioner *v.* Catastrophic Loss Trust Fund et al., Respondents.

Argued February 6, 1986, before Judges BARRY and PALLADINO, and Senior Judge BLATT, sitting as a panel of three.

*Jane Dalton Elliott,* with her, *James J. McCabe* and *Carolyn Mills, Duane, Morris & Heckscher,* for petitioners.

*Michael L. Harvey,* Deputy Attorney General, with him, *Allen C. Warshaw,* Executive Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondents.

OPINION BY JUDGE BARRY, October 6, 1986:

Before us are preliminary objections filed by respondents, the Catastrophic Loss Trust Fund (CAT Fund), opposing the petitions for review filed in this court's

original jurisdiction by petitioners, the EMPLOYEE BENEFIT PLAN of Harleysville Mutual Insurance Company (BENEFIT PLAN) and Harleysville Mutual Insurance Company (HMIC), filing as a separate entity. The petitions seek a declaratory order that the CAT Fund is obligated to provide benefits to Mrs. Marion Lyons, an employee of HMIC and a member of its BENEFIT PLAN[1] and to Mr. DeForrest Van Laufer, a no-fault automobile insurance policyholder insured by HMIC; that both the petitioners are entitled to reimbursement from the CAT Fund for benefits due Mrs. Lyons and Mr. Van Laufer; and that a resolution adopted by the CAT Fund Board of Directors which orders the CAT Fund Administrator to deny benefits to no-fault automobile insurance policyholders is invalid. The petition further asks that we issue a writ of mandamus compelling the CAT Fund to reimburse petitioners.

In its preliminary objections the CAT Fund argues that the petition must be dismissed inasmuch as this matter is exclusively within the jurisdiction of the Insurance Commissioner and petitioners have failed to exhaust this remedy.

FACTS

*The Motor Vehicle Financial Responsibility Law*

On February 12, 1984 the Motor Vehicle Financial Responsibility Law (Financial Responsibility Law), Act of February 12, 1984, P.L. 26, 75 Pa. C. S. §§1761-1769, was enacted, effective October 1, 1984. The Financial Responsibility Law contained the provisions

---

[1] The employee BENEFIT PLAN describes itself as "a self-funded trust pursuant to the terms of the United States Internal Revenue Code, 26 U.S.C. §501(c)(9), and an Employee Welfare Benefit Plan pursuant to the terms of the Federal Employee Retirement Income Security Act of 1972 ("ERISA"), 29 U.S.C. §1001 *et seq.*" *Brief for Petitioner* at 5.

which established the CAT Fund and repealed the NO FAULT Act.[2] The Fund provides for catastrophic loss benefits to injured automobile accident victims. These benefits are defined under Section 1766 of the Financial Responsibility Law, 75 Pa. C. S. §1766, as those reasonable and necessary expenses due to an injury arising out of the maintenance or use of a motor vehicle which exceed $100,000. In addition, the Financial Responsibility Law created and described the duties of the CAT Fund's Board of Directors and Administrator, appoints the Insurance Commissioner as the Chairman of the CAT Fund Board of Directors, 75 Pa. C. S. Section 1765, and provides that CAT Fund benefits are "primary to any other source of accident and health benefits." *See* Section 1766(c) of the Financial Responsibility Law.

### *Marion Lyons*

Mrs. Marion Lyons was issued a no-fault policy prior to October 1, 1984, the effective date of the Financial Responsibility Law. This policy was still in effect at the time of Mrs. Lyons' accident on December 8, 1984. At that time, Mrs. Lyons was an employee of HMIC and a member of its medical benefits program. The BENEFIT PLAN has paid and continues to pay Mrs. Lyons' medical expenses. Under its terms, the BENEFIT PLAN is subrogated to Mrs. Lyons' right to recover from the CAT Fund. Mrs. Lyons filed a claim with the Fund for those benefits in excess of $100,000.[3] This claim was denied on the basis of a resolution of the CAT Fund dated June 26, 1985.[4] The BENEFIT PLAN it-

---

[2] Act of July 19, 1974, P.L. 489, 40 P.S. §§1009.101-1009.701.

[3] The Luzerne County Court of Common Pleas appointed Mary Ellen Gizzi as guardian for Mrs. Lyons. Ms. Gizzi filed this claim on behalf of Mrs. Lyons.

[4] This resolution reads in relevant part, "It is hereby resolved that the Catastrophic Loss Trust Fund Board authorizes the Execu-

self never filed a claim for benefits but, by letter dated September 26, 1985, expressed dissatisfaction with the denial of benefits to Mrs. Lyons and a desire to appeal that decision. On October 10, 1985 the Fund informed the BENEFIT PLAN that it did not qualify as a claimant for benefits, in effect dismissing the BENEFIT PLAN's request to appeal the denial of Mrs. Lyons' claim. By letter dated October 31, 1985, the CAT Fund informed the BENEFIT PLAN that it could appeal the October 10, 1985 decision under the CAT Fund appeal regulations.

### DeForrest Van Laufer

Mr. Van Laufer was issued a no-fault policy by HMIC prior to October 1, 1984, the effective date of the Financial Responsibility Law. This policy was in effect when Mr. Van Laufer was seriously injured in an automobile accident on October 30, 1984. The CAT Fund denied Mr. Van Laufer's claim for benefits on August 23, 1985, on the basis of the June 26, 1985 resolution. Mr. Van Laufer appealed to the Bureau of Insurance Consumer Affairs of the Insurance Department, which refused to address the validity of the resolution and directed Mr. Van Laufer to the Insurance Commissioner. HMIC claims that it has attempted to intervene to petition for a hearing and has petitioned for consolidation with Mrs. Lyons' claim.

To summarize the petitioners' involvement, the BENEFIT PLAN never filed a claim for benefits but challenged, by way of a series of correspondence to the CAT Fund, the denial of the claim filed by a member of its employee medical benefits program, Mrs. Lyons.

---

tive Director and Administrator to deny applications for benefits received from persons covered from medical and/or rehabilitation benefits by a No-Fault medical insurance policy."

Having received no satisfaction at the administrative level, the BENEFIT PLAN filed a petition in our original jurisdiction challenging the CAT Fund's decision and the adoption of the resolution of June 26, 1985. HMIC, while not challenging the denial of CAT Fund benefits to its insured, Mr. Van Laufer, or the validity of the resolution at the administrative level, joins the BENEFIT PLAN in its challenge under our original jurisdiction.[5]

## PRELIMINARY OBJECTIONS

The CAT Fund has filed preliminary objections requesting that we dismiss the petitions because petitioners have failed to exhaust their exclusive administrative remedies under Section 1768 of the Financial Responsibility Law and Section 504 of the Administrative Agency Law, 2 Pa. C. S. §504.

Section 1768 of the Financial Responsibility Law provides:

> If any person making a claim for benefits from the Catastrophic Loss Trust Fund disputes a determination of the administrator concerning eligibility for benefits, allowance of benefits or otherwise, the person so claiming may request that the Insurance Commissioner review the determination of the administrator. The Insurance Commissioner shall provide the person so claiming and the administrator the opportunity to present statements or other documents and, at the election of either of these individuals, the opportunity for a hearing pursuant to Title 2 (relating to administrative law and procedure).

*Id.* (75 Pa. C. S. §1768).

---

[5] The record does not show a disposition of HMIC's contention that it petitioned to intervene during Mr. Van Laufer's claim for benefits.

The Fund argues specifically that petitioners' contention that they are not "claimants" must be rejected because the statutory language of Section 1768 conspicuously avoids the term "claimant" but rather uses the terminology "any person making a claim for benefits."

Section 504 of the Administrative Agency Law provides:

No adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. All testimony shall be stenographically recorded and a full and complete record shall be kept of the proceedings.

*Id.* (2 Pa. C.S.A. §504).

The Fund asserts that petitioners fit the definition of a "party" under Section 101 of the Administrative Agency Law, 2 Pa. C. S. §101. The Fund also maintains that the Insurance Commissioner's expertise and the need to develop a cohesive body of law provide public policy reasons for permitting the administrative process, in this instance, to take its course.

## 1. COUNT I (a)—APPEAL OF THE DENIAL OF BENEFITS TO MRS. LYONS

We sustain the CAT Fund's preliminary objections to Count I(a).

Section 7541(c)(2) of the Declaratory Judgment Act (DJA), 42 Pa. C. S. §7541(c)(2), provides that declaratory relief will not be available with respect to any "proceeding within the exclusive jurisdiction of a tribunal other than a court." Section 102 of the Judicial Code, 42 Pa. C. S. §102, defines a tribunal as "a court, district justice or other judicial officer vested with the power to enter an order in a matter. The term includes a government unit, other than the General Assembly

and its officers and agencies, when performing quasi-judicial functions." *Id*.

The Insurance Commissioner, a government unit, is empowered to enter orders when performing his quasi-judicial function of hearing appeals under Section 1768 of the Financial Responsibility Law. Thus, the Commissioner is a "tribunal." The issue, then, is whether the Commissioner had exclusive jurisdiction over Mrs. Lyons' appeal. In *De Luca v. Buckeye Coal Company,* 463 Pa. 513, 345 A.2d 637 (1975), our Supreme Court found that inasmuch as the Bituminous Mine Subsidence Act of 1966[6] provided both an administrative remedy and a judicial remedy, the former could not be viewed as exclusive. After analyzing the language of that Act and of other prior legislation enacted to "accommodate the interest of the mining industry and protect the rights of the surface users," the Court concluded that when the legislature desired to give an exclusive administrative remedy within the Subsidence Act it did so expressly. The Court thus held that the Subsidence Act of 1966 did not provide an exclusive remedy.[7] In *Lashe v. Northern York County School District,* 52 Pa. Commonwealth Ct. 541, 417 A.2d 260 (1980), we held that where a statutory remedy exists, it is exclusive unless the jurisdiction of the courts is preserved thereby. We said that a non-exclusive or permissive statutory remedy exists when the legislature provides the aggrieved party with a choice between the administrative remedy or the courts.

Inasmuch as the legislature does not provide an alternate forum in the courts under Section 1768, we conclude that it confers exclusive jurisdiction on the Insurance Commissioner to hear the appeal of the CAT

---

[6] Act of April 27, 1966, P.L. 31, 52 P.S. §§1406.1-1406.21.

[7] 463 Pa. at 517, 345 A.2d at 639.

Fund's denial of benefits to Mrs. Lyons. It follows, then, that petitioners cannot now gain declaratory relief from the adjudication of Mrs. Lyons' claim where Mrs. Lyons herself could not have availed herself of such relief. *See also Myers v. Department of Revenue,* 55 Pa. Commonwealth Ct. 509, 423 A.2d 1101 (1980).

### 2. COUNT I (b)—THE PETITIONERS' CLAIM FOR DIRECT REIMBURSEMENT FROM THE CAT FUND

We note, preliminarily, that the petitioners neither made this claim during the course of the earlier administrative proceedings which involved Mrs. Lyons' claim for benefits, nor did they file an individual claim on their own behalf. In addressing this claim, we point to both petitioners' prayer for relief which requests that we find the CAT Fund obligated to reimburse petitioners for benefits paid by petitioners to Mrs. Lyons and Mr. Van Laufer. This is undoubtedly a disguised appeal of Mrs. Lyons' and Mr. Van Laufer's claim. Any right or perceived right of the BENEFIT PLAN to CAT Fund benefits is derived from Mrs. Lyons' and Mr. Van Laufer's right to receive such benefits. Mrs. Lyons and Mr. Van Laufer have been denied these benefits and a grant of declaratory relief would amount, in effect, to a reversal of the CAT Fund's denial of benefits to Mrs. Lyons and Mr. Van Laufer. Under Section 7541(c)(2), declaratory relief is no more available under this claim than under Count I(a).

### 3. COUNT II—MANDAMUS

The petitioners ask that we issue a writ of mandamus compelling the CAT Fund to provide reimbursement to the petitioners for all benefits paid to Mrs. Lyons and Mr. Van Laufer or on their behalf. Had relief under the DJA been available to petitioners we

would be forced to address the issue of whether an action in mandamus under these circumstances could be heard in our original jurisdiction. Inasmuch as no declaratory relief was afforded petitioners under Count I(a) and Count I(b) there is neither a clear legal right established in the petitioners to entitlement to CAT Fund benefits nor a corresponding duty established in the CAT Fund to provide such benefits. *See Canonsburg General Hospital v. Department of Health,* 492 Pa. 68, 422 A.2d 141 (1980). We sustain the preliminary objections on the basis that our earlier determination renders one here unnecessary.

### 4. COUNT III—RESOLUTION

Initially, it must be said that an agency, although without authority to review the validity of its own enabling legislation,[8] can, under existing precedent, review the validity of its own regulations. *St. Joe Minerals Corp. v. Goddard,* 14 Pa. Commonwealth Ct. 624, 324 A.2d 800 (1974). It follows that this holds true of resolutions and similar policy decisions as well. Thus we must reject petitioners' argument that the Insurance Commissioner lacks the authority to review the validity of the resolution of June 26, 1985.

We also reject petitioners' claim that because of his responsibilities as Chairman of the CAT Fund Board of

---

[8] *See Shenango Valley Department of Osteopathic v. Department of Health,* 499 Pa. 39, 451 A.2d 434 (1982) (State Health Facility Board had no authority under the Health Care Facility Act to pass upon the constitutionality of the agency's enabling legislation); *Allegheny Ludlum Steel Corporation v. Pennsylvania Public Utility Commission,* 67 Pa. Commonwealth Ct. 400, 447 A.2d 675 (1982), (Allegheny Ludlum could challenge the process whereby certain rate increases can occur without public participation by way of a declaratory judgment action to determine whether the statute was violative of the Constitution).

Directors and reviewer of CAT Fund regulations and/or policy decisions the Insurance Commissioner cannot be permitted to rule upon the resolution's validity. In *Pennsylvania Retailers' Ass'n v. Lazin,* 57 Pa. Commonwealth Ct. 232, 426 A.2d 712 (1981), Judge ROGERS rejected the petitioners' contention that the Debt Collection Trade Practices Regulations[9] were improperly promulgated by the Attorney General because Section 205 of the Commonwealth Documents Law created an inherent conflict of interest by its mandate that "all administrative regulations . . . be approved as to legality by the Department of Justice before they are deposited with the Legislative Reference Bureau."[10] Petitioners there maintained that the Department of Justice, agents of the Attorney General, could not give a fair, impartial evaluation of the proposed regulations. This Court announced firmly that "public officials are presumed to act lawfully and to have carried out their duties in good faith" and "the mere fact that the official conducting the Section 205 review is an officer of the agency which promulgated the regulations does not in and of itself show that the review required by Section 205 was defective." *Pennsylvania Retailers',* 57 Pa. Commonwealth at 239, 426 A.2d at 716-17. Therefore, we reject petitioners' argument that the Insurance Commissioner cannot impartially evaluate the resolution's validity.

It must be borne in mind, however, that petitioners are seeking relief under the DJA. The issue, therefore, becomes not whether the Insurance Commissioner *can* review the resolution, for the mere existence of an adequate remedy, whether common law or statutory, is not grounds for refusing declaratory relief. *See* Section 7541

---

[9] 37 Pa. Code §§303.1-303.9.

[10] 57 Pa. Commonwealth Ct. at 239, 426 A.2d at 716 (quoting Section 205 of the Commonwealth Documents Law, Act of July 31, 1968, P.L. 769, *as amended,* 45 P.S. §1205.

of the DJA. The issue is, instead, whether such grounds exist within the previously enumerated exceptions under Section 7541(c). After reviewing Section 1768 of the Financial Responsibility Law and Section 504 of the Administrative Agency Law, we conclude that the only possibly relevant exception, Section 7541(c)(2), is inapplicable because the Legislature has not vested in the Insurance Commissioner exclusive jurisdiction to determine petitioners' claim that the CAT Fund resolution is invalid. Section 1768 provides the Insurance Commissioner with the power to hear only the appeals of "any person filing a claim for benefits." The petitioners have never filed a claim for benefits. Similarly, the CAT Fund implementing regulations grant access to the appeal process only to "claimants." The CAT Fund provides no explanation for the use of that terminology. Neither are the exceptions under Section 7541(c) or Section 504 of the Administrative Agency Law relevant. Therefore, standing alone, Section 1768 is an inadequate appeal mechanism with respect to petitioners' claim under Count III and we would normally be free to grant declaratory relief; however, because the CAT Fund is a Commonwealth Agency under 1 Pa. Code §31.3, those interested non-parties are governed by the General Rules of Administrative Practice Procedures, Chapter 31 of the Pennsylvania Code, 1 Pa. Code §31.3. A party who alleges a direct interest in the proceedings may intervene under 1 Pa. Code §§35.27-35.32. Intervention in this manner may be filed at any time. Proper intervention would have assured petitioners that their claims would have been adjudicated as part of, and in the context of, Mrs. Lyons' and Mr. Van Laufer's claims, which we have said were within the exclusive jurisdiction of the CAT Fund appeal regulations, Section 1768. Petitioners claim that they have filed a petition to intervene but no administrative order was issued with

respect to these petitions. The record before us contains no evidence of their attempts at formal administrative intervention. We must conclude that they failed to avail themselves of an accessible and exclusive administrative remedy. This failure does not permit them to escape the provisions of Section 7541(c). Accordingly, we sustain the CAT Fund's preliminary objections as to Count III.

We dismiss the petition.

ORDER

Now, October 6, 1986, it is hereby ordered that the preliminary objections filed by the Catastrophic Loss Trust Fund in the above-captioned matters are hereby sustained and the petition for review is dismissed.