526 A.2d 849

Pennsylvania Assigned Risk Plan, Petitioner *v.* George F. Grode et al., Respondents.

Argued February 24, 1987, before Judges DOYLE and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

473

*Lewis R. Olshin,* with him, *Robert L. Pratter* and *Jane Dalton Elliott, Duane, Morris & Heckscher,* for petitioner.

*Jean M. Callihan,* Assistant Counsel, with her, *Linda Wells,* Chief of Litigation, and *M. Hannah Leavitt,* Chief Counsel, for respondent, Insurance Department.

*Harvey Bartle, III,* with him, *Lawrence A. Serlin, Dechert, Price & Rhoads,* for respondents, Metropolitan Property and Liability Insurance Company, Metropolitan General Insurance Company and Metropolitan Casualty Insurance Company.

474

OPINION BY JUDGE DOYLE, June 5, 1987:

The Pennsylvania Assigned Risk Plan (Plan), by State Farm Insurance Company and other insurers writing automobile insurance in Pennsylvania[1] as trustees *ad litem*, has filed an amended petition for review in our original jurisdiction against the Insurance Commissioner of the Commonwealth of Pennsylvania (Insurance Commissioner) and Metropolitan Property and Liability Insurance Company, Metropolitan General Insurance Company and Metropolitan Casualty Insurance Company (Metropolitan), seeking a declaratory judgment declaring a certain paragraph of a consent order entered by this Court in litigation between the Insurance Commissioner and Metropolitan to be null and void and, therefore, unenforceable. Before us presently are preliminary objections of both the Insurance Commissioner and Metropolitan to the Plan's amended petition for review in the nature of a demurrer and raising questions of jurisdiction. We will overrule the preliminary objections.

The Plan is an incorporated association of motor vehicle insurers within the Commonwealth of Pennsylvania created pursuant to Section 1741 of the Motor Vehicle Financial Responsibility Law (Law), 75 Pa. C. S. §1741. The purpose of the Plan is to provide for "equitable apportionment" among Pennsylvania motor vehicle liability insurers of "applicants for motor vehicle liability insurance who are entitled to, but are unable to, procure insurance through ordinary methods," and all motor vehicle liability insurers are required to participate in the Plan. *Id*. Pursuant to rules (Plan Rules)

---

[1] The other insurers are Allstate Insurance Company, Nationwide Mutual Insurance Company, Prudential Property and Casualty Company, Travelers Indemnity Company, Aetna Casualty and Surety Company, Erie Insurance Company, and Pennsylvania National Mutual Casualty Company.

adopted by the Insurance Department, the Plan is managed by a Governing Committee composed of insurance industry representatives.

In April 1986, allegedly due to severe present and anticipated financial losses in the automobile insurance business in the Commonwealth, Metropolitan informed the Insurance Commissioner that it intended not to renew its Certificate of Authority to write automobile insurance in Pennsylvania. In response, the Insurance Commissioner on April 9, 1986 summarily ordered Metropolitan not to withdraw. Metropolitan then filed a petition for review in this Court seeking to reverse the order and to be permitted to withdraw.

While the suit was pending, Metropolitan on April 23, 1986, explained its position to the Governing Committee of the Plan and advised it of the litigation with the Insurance Commission. Pursuant to a Plan Rule,[2] the Governing Committee voted to suspend assignments to Metropolitan. In a letter dated April 29, 1986, the Governing Committee advised Metropolitan that it would "suspend assignments to Metropolitan until the Committee's July meeting. However, if the pending court action is concluded prior to the July meeting, the Committee will take appropriate action." At the time of the suspension, Metropolitan had an outstanding assignment quota of slightly more than $4.7 million in premiums.

On May 22, 1986, Metropolitan and the Insurance Commissioner agreed to a settlement of their litigation,

---

[2] Plan Rule 6(D)(3) provides in relevant part:
Assignments to a company may not be suspended for any period of time except under the following circumstances: (1) with the knowledge and concurrence of the Committee; or (2) whenever the Commissioner, pursuant to Pennsylvania statutes, suspends the writing of automobile insurance by a given company.

which was approved in an order issued by President Judge CRUMLISH of this Court. The order provided, *inter alia*, that Metropolitan would not be required to accept assignments from the Plan so long as it did not write new automobile insurance in Pennsylvania.[3] It is undisputed that the Plan was neither a party to the litigation between the Insurance Commissioner and Metropolitan, nor was it consulted prior to the settlement agreement.

Following its July meeting, the Governing Committee of the Plan informed Metropolitan that it had unanimously voted to lift the earlier suspension of assignments to Metropolitan and subsequently attempted to assign motor vehicle insurance applications to Metropolitan. This litigation ensued following Metropolitan's refusal to accept the assignments.

The Insurance Commissioner and Metropolitan pose a number of preliminary objections to this Court's jurisdiction, which we shall address *seriatim*. First, Metropolitan argues that the Plan's petition must be dismissed for failure to exhaust its administrative remedies under the Plan Rules. In particular, Metropolitan cites Section 19 of the Plan Rules, which provides in pertinent part: "The Governing Committee [of the Plan] may hear any appeal from an applicant, insured, producer, or insurer on a matter pertaining to the proper adminis-

---

[3] Paragraph 9 of the Order of May 22, 1986 states:

Metropolitan shall not be required to write new automobile insurance business in Pennsylvania and shall not be required to accept any assignments from the Pennsylvania Assigned Risk Plan so long as it is not writing new automobile insurance business in the Commonwealth. Should Metropolitan decide to resume the writing of new automobile insurance business, it shall institute objective statewide procedures in order to contain adverse loss development.

tration of the Plan." We agree with the Plan, however, that Section 19 does not apply here. Section 19 by its terms does not cover challenges by the *Plan* itself. Accordingly, the first preliminary objection to our jurisdiction is overruled.

Second, both the Insurance Commissioner and Metropolitan object to the Plan's amended petition for review on the grounds that Section 7541(c)(2) and 7541(c)(3) of the Declaratory Judgements Act (DJA)[4] preclude granting declaratory relief here. Those Sections provide:

(c) *Exceptions*—Relief shall not be available under this subchapter with respect to any:

. . .

(2) Proceeding within the exclusive jurisdiction of a tribunal other than a court.

(3) Proceeding involving an appeal from an order of a tribunal.

42 Pa. C. S. §§7541(c)(2), (3).

The Insurance Commissioner and Metropolitan argue that exclusive jurisdiction of the Plan's amended petition for review rests with the Insurance Commissioner and, therefore, Section 7541(c)(2) bars declaratory relief. While we agree that the Insurance Commissioner is a "tribunal" within the meaning of that Section, *see Harleysville Mutual Insurance Co. v. Catastrophic Loss Trust Fund,* 101 Pa. Commonwealth Ct. 215, 222, 515 A.2d 1039, 1042 (1986), we disagree that the Insurance Commissioner has exclusive jurisdiction over this matter.

The Insurance Commissioner and Metropolitan cite *Harleysville, supra,* and *Rockwood Insurance Co. v. Pennsylvania Automobile Insurance Plan,* 97 Pa. Commonwealth Ct. 8, 508 A.2d 1266 (1986), *aff'd per*

---

[4] 42 Pa. C. S. §§7541(c)(2), (3).

*curiam,* 512 Pa. 640, 518 A.2d 265 (1986) in support of their position. These cases, however, are inapposite. *Harleysville* involved an injured motorist's claim for benefits from the Catastrophic Loss Trust Fund (CAT Fund). The CAT Fund denied benefits. We sustained the CAT Fund's preliminary objection to a petition for declaratory relief, holding that the Insurance Commissioner had exclusive jurisdiction to hear an appeal of the CAT Fund's denial of benefits. In *Rockwood,* an insurer filed a petition for review in this Court against the Plan itself, alleging overassignment of applicants for automobile insurances. The Insurance Department intervened. We sustained the Insurance Department's demurrer and dismissed the petition for review on the ground that Section 17(a) of The Casualty and Surety Rate Regulatory Act[5] vested exclusive jurisdiction in the Insurance Commissioner to hear the complaint. What the Plan seeks here, however, is review of a *court order* that, *inter alia,* suspends assignments of insurance applicants to Metropolitan. Since the Insurance Commissioner is not empowered to review and change a court order, the Insurance Commissioner does not have exclusive jurisdiction in this instance. Accordingly, this preliminary objection is overruled.

Likewise, we will overrule the Insurance Commissioner's and Metropolitan's preliminary objections based on Section 7541(c)(3) of the DJA that the issue in this

---

[5] Act of June 11, 1947, P.L. 538, *as amended,* 40 P.S. §1197(a). This Section provides in pertinent part:

(a) Any insurer, rating organization or person aggrieved by any action of the Commissioner, except disapproval of a filing or a part therefore as provided for in section five hereof, or by any rule or regulation adopted and promulgated by the Commissioner, shall have the right to file a complaint with the Commissioner and to have a hearing thereon before the Commissioner.

proceeding could be adjudicated as an appeal from an order of a tribunal. This Section has been held to apply only when ancillary proceedings before a tribunal involving the same parties can be used to resolve the issues raised in the declaratory judgment action. *North Canton Enterprises of Pennsylvania, Inc. v. Township of Ross,* 74 Pa. Commonwealth Ct. 479, 459 A.2d 1366 (1983), *cert. denied,* 465 U.S. 1026 (1984); *Prudential Property and Casualty Insurance Co. v. McDaniel,* 342 Pa. Superior Ct. 557, 493 A.2d 731 (1985). Since the Plan was not a party to the original litigation between the Insurance Commissioner and Metropolitan regarding Metropolitan's attempt to pull out of the automobile insurance business in Pennsylvania, and thus could not have raised the issues presented in this action, Section 7541(c)(3) does not apply.[6]

The Insurance Commissioner and Metropolitan next preliminarily object to the amended petition for review on the ground that it fails to state a cause of action. For preliminary objections in the nature of a demurrer, we must accept as true all well-pleaded facts and reasonable inferences therefrom, but not conclusions of law. *Insurance Adjustment Bureau v. Insurance Commissioner,* 86 Pa. Commonwealth Ct. 491, 485 A.2d 858 (1984). It is equally well-settled that a demurrer will not be sustained unless the complaint or petition for review on its face shows the law will not permit recovery, and any doubt will be resolved in favor of overruling the demurrer. *Id.* We cannot say here that, upon the allegations

---

[6] Both the Insurance Commissioner and Metropolitan take pains to point out that the Plan never sought to intervene in the suit between the Insurance Commissioner and Metropolitan. We note that, while it is unclear whether the Plan could have intervened in the litigation, the Pennsylvania Rules of Civil Procedure provide a mechanism for parties to a suit to force joinder of a third party. *See* Pa. R.C.P. No. 2227.

presented in the Plan's amended petition for review, the law clearly prohibits recovery. Therefore, the demurrers of the Insurance Commissioner and Metropolitan are overruled.

Last, Metropolitan perliminarily objects on the basis that the Plan's amended petition for review amounts to an impermissible collateral attack upon a valid, final judgment order. This is a meritless contention. The Plan was not a party to the litigation between the Insurance Commissioner and Metropolitan, nor was joinder of the Plan ever sought. Moreover, the Plan was not privy to the settlement negotiations. Since the Plan was neither a party to the action nor in privity with either of the parties in that action, it cannot be bound by a judgment in that action. *See International Organization Masters, Mates and Pilots of America, Local No. 2 v. International Organization Masters, Mates and Pilots of America, Inc.,* 456 Pa. 436, 318 A.2d 918 (1974). Therefore, this preliminary objection is overruled.

Based on the foregoing, the preliminary objections of the Insurance Commissioner and Metropolitan are overruled.

ORDER

NOW, June 5, 1987, the preliminary objections of the Insurance Commissioner of the Commonwealth of Pennsylvania, Metropolitan Property and Liability Insurance Company, Metropolitan General Insurance Company, and Metropolitan Casualty Insurance Company are hereby overruled. Respondents have thirty days in which to file an answer.