# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| The School District of Philadelphia, Appellant | : | |
| | : | |
| | : | |
| v. | : | No. 1493 C.D. 2017 |
| | : | |
| Board of Revision of Taxes, The City of Philadelphia and Federal Realty Management a/k/a Andorra Shopping Center | : | |

| | | |
|---|---|---|
| The School District of Philadelphia, Appellant | : | |
| | : | |
| | : | |
| v. | : | No. 1494 C.D. 2017 |
| | : | |
| Board of Revision of Taxes, The City of Philadelphia and Philadelphia Pharmacy DST a/k/a CVS | : | |

| | | |
|---|---|---|
| The School District of Philadelphia, Appellant | : | |
| | : | |
| | : | |
| v. | : | No. 1496 C.D. 2017 |
| | : | No. 1497 C.D. 2017 |
| Board of Revision of Taxes, The City of Philadelphia and Philadelphia Market Street a/k/a Marriott Downtown | : | |

| | | |
|---|---|---|
| The School District of Philadelphia, Appellant | : | |
| | : | |
| | : | |
| v. | : | No. 1498 C.D. 2017 |
| | : | |
| Board of Revision of Taxes, The City of Philadelphia and FC Bell Associates LP a/k/a The Lofts at 1835 Arch | : | |

The School District of Philadelphia : 
              Appellant : 
              : 
              : 
             v.        :     No. 1499 C.D. 2017
              : 
Board of Revision of Taxes, The City  : 
of Philadelphia and XHR Philadelphia  : 
17 LLC a/k/a Kimpton Hotel Palomar  : 

The School District of Philadelphia,  : 
              Appellant : 
              : 
             v.        :     No. 1500 C.D. 2017
              :     No. 1501 C.D. 2017
Board of Revision of Taxes, The City  : 
of Philadelphia and WWW Premier  : 
Holdings LLC a/k/a Winchester Walk  : 

The School District of Philadelphia,  : 
              Appellant : 
              : 
             v.        :     No. 1502 C.D. 2017
              : 
Board of Revision of Taxes, The City  : 
of Philadelphia and Two Logan Square  : 
Associates                : 

The School District of Philadelphia,  : 
              Appellant : 
              : 
             v.        :     No. 1503 C.D. 2017
              :     No. 1504 C.D. 2017
Board of Revision of Taxes, The City  : 
of Philadelphia and Two Liberty Place  : 
LP                   :

The School District of Philadelphia, : 
          Appellant : 
: 
          v. :   No. 1505 C.D. 2017
: 
Board of Revision of Taxes, The City : 
of Philadelphia and T C Pepper : 
Building G P LLC a/k/a The Pepper : 
Building : 


The School District of Philadelphia, : 
          Appellant : 
: 
          v. :   No. 1506 C.D. 2017
: 
Board of Revision of Taxes, The City : 
of Philadelphia and SWP Real Estate : 
LLC : 


The School District of Philadelphia, : 
          Appellant : 
: 
          v. :   No. 1507 C.D. 2017
:   No. 1508 C.D. 2017
Board of Revision of Taxes, The City : 
of Philadelphia and SPSP Corporation : 


The School District of Philadelphia, : 
          Appellant : 
: 
          v. :   No. 1509 C.D. 2017
: 
Board of Revision of Taxes, The City : 
of Philadelphia and SLT Phila LLC : 
St. Regis Phila a/k/a Westin Hotel :

The School District of Philadelphia, : 
            Appellant : 
             : 
          v. :    No. 1510 C.D. 2017
             : 
Board of Revision of Taxes, The City : 
of Philadelphia and Sir Philadelphia : 
LLC a/k/a PNC Bank Operations : 
Center : 

The School District of Philadelphia, : 
            Appellant : 
             : 
          v. :    No. 1511 C.D. 2017
             : 
Board of Revision of Taxes, The City : 
of Philadelphia and PRU 1901 Market : 
LLC a/k/a 1901-1917 Market Street : 

The School District of Philadelphia : 
            Appellant : 
             : 
          v. :    No. 1512 C.D. 2017
             : 
Board of Revision of Taxes, The City : 
of Philadelphia and Red Lion MZL : 
LP : 

The School District of Philadelphia, : 
            Appellant : 
             : 
          v. :    No. 1513 C.D. 2017
             :    No. 1515 C.D. 2017
Board of Revision of Taxes, The City : 
of Philadelphia and Market Square : 
Plaza I LLC :

| | | |
|---|---|---|
| The School District of Philadelphia, Appellant | : | |
| | : | |
| | : | |
| v. | : | No. 1514 C.D. 2017 |
| | : | |
| Board of Revision of Taxes, The City of Philadelphia and Maguire/Thomas PTNS Phila Plaza Phase II | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| The School District of Philadelphia, Appellant | : | |
| | : | |
| | : | |
| v. | : | No. 1516 C.D. 2017 |
| | : | |
| Board of Revision of Taxes, The City of Philadelphia and HUB Properties Trust now owned by Commonwealth of PA – SEPTA | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| The School District of Philadelphia, Appellant | : | |
| | : | |
| | : | |
| v. | : | No. 1517 C.D. 2017 |
| | : | |
| Board of Revision of Taxes, The City of Philadelphia and Hill House Apartment Association a/k/a The Watermark | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| The School District of Philadelphia, Appellant | : | |
| | : | |
| | : | |
| v. | : | No. 1519 C.D. 2017 |
| | : | |
| Board of Revision of Taxes, The City of Philadelphia and G2 S2 ASSPC LP a/k/a 1605 Sansom | : | |
| | : | |

The School District of Philadelphia,
          Appellant

            v.                      No. 1520 C.D. 2017

Board of Revision of Taxes, The City
of Philadelphia and Philadelphia
Hospitality Arden Group a/k/a Ritz
Carlton

 

The School District of Philadelphia,
          Appellant

            v.                      No. 1521 C.D. 2017

Board of Revision of Taxes, The City
of Philadelphia and Executive House
Investors

 

The School District of Philadelphia,
          Appellant

            v.                      No. 1522 C.D. 2017

Board of Revision of Taxes, The City
of Philadelphia and Phila Liberty PLA
E LP a/k/a Liberty One

 

The School District of Philadelphia,
          Appellant

            v.                      No. 1523 C.D. 2017

Board of Revision of Taxes, The City
of Philadelphia and Executive House
Investors

The School District of Philadelphia, : 
        Appellant : 
  : 
  : 
        v. : No. 1524 C.D. 2017
  : 
Board of Revision of Taxes, The City : 
of Philadelphia and PECO Energy : 
Company : 


The School District of Philadelphia, : 
        Appellant : 
  : 
  : 
        v. : No. 1525 C.D. 2017
  : 
Board of Revision of Taxes, The City : 
of Philadelphia and Park Towne Place : 
Assoc. : 


The School District of Philadelphia, : 
        Appellant : 
  : 
  : 
        v. : No. 1526 C.D. 2017
  : 
Board of Revision of Taxes, The City : 
of Philadelphia and Panco CC : 
Rittenhouse Row Rittenhouse Row : 
Investors a/k/a American Patriots Bldg : 


The School District of Philadelphia, : 
        Appellant : 
  : 
  : 
        v. : No. 1528 C.D. 2017
  : 
Board of Revision of Taxes, The City : 
of Philadelphia and CRP-Grep : 
Rushwood a/k/a Rushwood Apartments : 
now owned by RSW Premier Holdings : 
LLC :

| | | |
|---|---|---|
| The School District of Philadelphia, Appellant | : : : | |
| v. | : : | No. 1529 C.D. 2017 |
| Board of Revision of Taxes, The City of Philadelphia and OLS Office Partners LP | : : : : | |

| | | |
|---|---|---|
| The School District of Philadelphia, Appellant | : : : | |
| v. | : : | No. 1530 C.D. 2017 |
| Board of Revision of Taxes, The City of Philadelphia and Offices at Two Liberty PL | : : : : | |

| | | |
|---|---|---|
| The School District of Philadelphia, Appellant | : : : | |
| v. | : : | No. 1531 C.D. 2017 |
| Board of Revision of Taxes, The City of Philadelphia and MREF 401 LP a/k/a 401 Market Street | : : : : | |

| | | |
|---|---|---|
| The School District of Philadelphia, Appellant | : : : | |
| v. | : : | No. 1533 C.D. 2017 |
| Board of Revision of Taxes, The City of Philadelphia and Jar Chocolate Works LP | : : : : | |

The School District of Philadelphia, : 
               Appellant : 
                : 
          v. :   No. 1534 C.D. 2017
                : 
Board of Revision of Taxes, The City : 
of Philadelphia and Courts-UCAL LLC :

The School District of Philadelphia, : 
               Appellant : 
                : 
          v. :   No. 1535 C.D. 2017
                : 
Board of Revision of Taxes, The City : 
of Philadelphia and Henry on the Park : 
JV LP :

The School District of Philadelphia, : 
               Appellant : 
                : 
          v. :   No. 1536 C.D. 2017
                : 
Board of Revision of Taxes, The City : 
of Philadelphia and Commerce Square : 
Partners :

The School District of Philadelphia, : 
               Appellant : 
                : 
          v. :   No. 1541 C.D. 2017
                : 
Board of Revision of Taxes, The City : 
of Philadelphia and 2400 Market VII : 
LP a/k/a Marketplace Design Center :

The School District of Philadelphia,
              Appellant

            v.

Board of Revision of Taxes, The City of Philadelphia and 1616-26 Walnut Street

:
:
:
:   No. 1542 C.D. 2017
:
:
:
:
:

The School District of Philadelphia,
              Appellant

            v.

Board of Revision of Taxes, The City of Philadelphia and 1500 Locust Limited

:
:
:
:   No. 1543 C.D. 2017
:
:
:
:
:

The School District of Philadelphia,
              Appellant

            v.

Board of Revision of Taxes, The City of Philadelphia and Aimco Chestnut Hall Ltd Partnership a/k/a Chestnut Hall Apartments

:
:
:
:   No. 1544 C.D. 2017
:
:
:
:
:
:

The School District of Philadelphia,
              Appellant

            v.

Board of Revision of Taxes, The City of Philadelphia and Charter Court Holdings LL a/k/a Charter Court Apartments

:
:
:
:   No. 1545 C.D. 2017
:   No. 1546 C.D. 2017
:
:
:
:

The School District of Philadelphia, : 
              Appellant : 
               : 
          v. : No. 1547 C.D. 2017
               : 
Board of Revision of Taxes, The City : 
of Philadelphia and Cedar : 
Quartermaster III L : 


The School District of Philadelphia, : 
              Appellant : 
               : 
          v. : No. 1548 C.D. 2017
               : 
Board of Revision of Taxes, The City : 
of Philadelphia and Cedar : 
Quartermaster II LL : 


The School District of Philadelphia, : 
              Appellant : 
               : 
          v. : No. 1549 C.D. 2017
               : 
Board of Revision of Taxes, The City : 
of Philadelphia and Cedar : 
Quartermaster LLC : 


The School District of Philadelphia, : 
              Appellant : 
               : 
          v. : No. 1550 C.D. 2017
               : No. 1555 C.D. 2017
Board of Revision of Taxes, The City : No. 1562 C.D. 2017
of Philadelphia and 2400 Market VII : 
LP a/k/a Marketplace Design Center :

The School District of Philadelphia,  :
               Appellant  :
                 :
             v.  :    No. 1551 C.D. 2017
                 :
Board of Revision of Taxes, The City  :
of Philadelphia and 23rd Street Garage  :
VII LP  :


The School District of Philadelphia,  :
               Appellant  :
                 :
             v.  :    No. 1552 C.D. 2017
                 :
Board of Revision of Taxes, The City  :
of Philadelphia and 618 Market LP  :


The School District of Philadelphia,  :
               Appellant  :
                 :
             v.  :    No. 1554 C.D. 2017
                 :
Board of Revision of Taxes, The City  :
of Philadelphia and Brandywine  :
Operating Partners LP a/k/a Bell  :
Atlantic Tower  :


The School District of Philadelphia,  :
               Appellant  :
                 :
             v.  :    No. 1556 C.D. 2017
                 :
Board of Revision of Taxes, The City  :
of Philadelphia and Cedar-South  :
Philadelphia  :

The School District of Philadelphia, : 
                  Appellant : 
                   : 
                   : 
           v. :   No. 1557 C.D. 2017
                   : 
Board of Revision of Taxes, The City : 
of Philadelphia and 1760 Market : 
Partners LP : 


The School District of Philadelphia, : 
                  Appellant : 
                   : 
           v. :   No. 1558 C.D. 2017
                   : 
Board of Revision of Taxes, The City : 
of Philadelphia and Brandywine : 
Operating Part : 


The School District of Philadelphia, : 
                  Appellant : 
                   : 
           v. :   No. 1559 C.D. 2017
                   : 
Board of Revision of Taxes, The City : 
of Philadelphia and BA Parkway : 
Associates II a/k/a Embassy Suites : 


The School District of Philadelphia, : 
                  Appellant : 
                   : 
           v. :   No. 1560 C.D. 2017
                   : 
Board of Revision of Taxes, The City : 
of Philadelphia and Aquinas 2021 : 
Chestnut STR a/k/a 2021 Chestnut now : 
owned by Aquinas Realty Investors :

The School District of Philadelphia,  :
            Appellant  :
              :
          v.  :    No. 1561 C.D. 2017
              :
Board of Revision of Taxes, The City  :
of Philadelphia and 777 South Broad  :
Street AS  :


The School District of Philadelphia,  :
            Appellant  :
              :
          v.  :    No. 1586 C.D. 2017
              :
Board of Revision of Taxes, The City  :
of Philadelphia and 1500 Net Works  :
Associates a/k/a Net Works Building  :


The School District of Philadelphia,  :
            Appellant  :
              :
          v.  :    No. 1587 C.D. 2017
              :
Board of Revision of Taxes, The City  :
of Philadelphia and ARD Grant a/k/a  :
The Court at Grant  :


The School District of Philadelphia,  :
            Appellant  :
              :
          v.  :    No. 1588 C.D. 2017
              :    No. 1589 C.D. 2017
Board of Revision of Taxes, The City  :    No. 1605 C.D. 2017
of Philadelphia and ARD Grant LP  :    No. 1610 C.D. 2017
a/k/a The Court at Grant  :

| | | |
|---|---|---|
| The School District of Philadelphia, Appellant | : : : | |
| v. | : : | No. 1590 C.D. 2017 |
| Board of Revision of Taxes, The City of Philadelphia and Philadelphia-Harbison LP | : : : | |

| | | |
|---|---|---|
| The School District of Philadelphia, Appellant | : : : | |
| v. | : : | No. 1591 C.D. 2017 |
| Board of Revision of Taxes, The City of Philadelphia and Public Storage Properties XVIII | : : : | |

| | | |
|---|---|---|
| The School District of Philadelphia, Appellant | : : : | |
| v. | : : | No. 1592 C.D. 2017 |
| Board of Revision of Taxes, The City of Philadelphia and Treeco/Manor Limited Part | : : : | |

| | | |
|---|---|---|
| The School District of Philadelphia, Appellant | : : : | |
| v. | : : | No. 1593 C.D. 2017 |
| Board of Revision of Taxes, The City of Philadelphia and 3201 Layton Realty Corp | : : : | |

| | | |
|---|---|---|
| The School District of Philadelphia,<br>Appellant | : | |
| | : | |
| | : | |
| v. | : | No. 1594 C.D. 2017 |
| | : | |
| Board of Revision of Taxes, The City<br>of Philadelphia and 4401 Walnut<br>Holdings LLC | : | |
| | : | |
| | : | |

| | | |
|---|---|---|
| The School District of Philadelphia,<br>Appellant | : | |
| | : | |
| | : | |
| v. | : | No. 1595 C.D. 2017 |
| | : | |
| Board of Revision of Taxes, The City<br>of Philadelphia and Stratford Hamilton<br>LP a/k/a Hamilton Court Apartments | : | |
| | : | |
| | : | |

| | | |
|---|---|---|
| The School District of Philadelphia,<br>Appellant | : | |
| | : | |
| | : | |
| v. | : | No. 1596 C.D. 2017 |
| | : | |
| Board of Revision of Taxes, The City<br>of Philadelphia and Post Rittenhouse<br>Hill LP a/k/a Rittenhouse Hill<br>Apartments | : | |
| | : | |
| | : | |
| | : | |

| | | |
|---|---|---|
| The School District of Philadelphia,<br>Appellant | : | |
| | : | |
| | : | |
| v. | : | No. 1597 C.D. 2017 |
| | : | |
| Board of Revision of Taxes, The City<br>of Philadelphia and Boulevard North<br>Associate a/k/a Whitman Square | : | |

The School District of Philadelphia, : 
          Appellant : 
                              :
          v. :   No. 1598 C.D. 2017
                              :
Board of Revision of Taxes, The City : 
of Philadelphia and Boulevard North : 
Associate LP a/k/a Whitman Square : 

The School District of Philadelphia, : 
          Appellant : 
                              :
          v. :   No. 1599 C.D. 2017
                              :   No. 1601 C.D. 2017
Board of Revision of Taxes, The City : 
of Philadelphia and Delaware East : 
Assoc. LP a/k/a Columbus Commons : 

The School District of Philadelphia, : 
          Appellant : 
                              :
          v. :   No. 1600 C.D. 2017
                              :
Board of Revision of Taxes, The City : 
of Philadelphia and Delaware East : 
Assoc. a/k/a Columbus Commons : 

The School District of Philadelphia, : 
          Appellant : 
                              :
          v. :   No. 1602 C.D. 2017
                              :   No. 1603 C.D. 2017
Board of Revision of Taxes, The City :   No. 1604 C.D. 2017
of Philadelphia and PR Northeast : 
Limited Partnership a/k/a Northeast : 
Tower Center :

The School District of Philadelphia, : 
          Appellant : 
         : 
        v. :   No. 1606 C.D. 2017
         : 
Board of Revision of Taxes, The City : 
of Philadelphia and Center City : 
Chestnut LLC a/k/a Nineteen Thirty : 
Chestnut : 


The School District of Philadelphia, : 
          Appellant : 
         : 
        v. :   No. 1607 C.D. 2017
         : 
Board of Revision of Taxes, The City : 
of Philadelphia and Center City Walnut : 
LLC : 


The School District of Philadelphia, : 
          Appellant : 
         : 
        v. :   No. 1608 C.D. 2017
         :   No. 1612 C.D. 2017
Board of Revision of Taxes, The City : 
of Philadelphia and PR Walnut : 
Associates LP : 


The School District of Philadelphia, : 
          Appellant : 
         : 
        v. :   No. 1609 C.D. 2017
         : 
Board of Revision of Taxes, The City : 
of Philadelphia and Delaware East : 
Associates a/k/a Columbus Commons :

The School District of Philadelphia, : 
                  Appellant : 
                       : 
          v. :   No. 1611 C.D. 2017
                       : 
Board of Revision of Taxes, The City : 
of Philadelphia and PR Chestnut : 
Associates LP : 


The School District of Philadelphia, : 
                  Appellant : 
                       : 
          v. :   No. 1640 C.D. 2017
                       : 
Board of Revision of Taxes, The City : 
of Philadelphia and Safeguard : 
Frankford LLC : 


The School District of Philadelphia, : 
                  Appellant : 
                       : 
          v. :   No. 1641 C.D. 2017
                       : 
Board of Revision of Taxes, The City : 
of Philadelphia and Safeguard Pa II, : 
LLC : 


The School District of Philadelphia, : 
                  Appellant : 
                       : 
          v. :   No. 1642 C.D. 2017
                       : 
Board of Revision of Taxes, The City : 
of Philadelphia and 1513 Walnut, LLC :

The School District of Philadelphia, : 
                 Appellant : 
                        :
          v. : No. 1644 C.D. 2017
                        :
Board of Revision of Taxes, The City : 
of Philadelphia and CLF Red Lion : 
Road Philadelphia : 


The School District of Philadelphia, : 
                 Appellant : 
                        :
          v. : No. 123 C.D. 2018
                        : Argued: March 12, 2019
Board of Revision of Taxes, The City : 
of Philadelphia and Prime 62nd St., LLC :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION
BY PRESIDENT JUDGE LEAVITT              FILED: August 22, 2019

      The School District of Philadelphia (School District) appeals a number of orders of the Court of Common Pleas of Philadelphia County (trial court) that quashed the School District's appeals of 138 commercial real property assessments in the City of Philadelphia. The School District argues that the trial court erred in holding that the School District's decision to appeal only commercial property assessments violated the Uniformity Clause in the Pennsylvania Constitution, PA. CONST. art. VIII, §1, as construed in *Valley Forge Towers Apartments N, LP v. Upper Merion Area School District*, 163 A.3d 962 (Pa. 2017). Specifically, the School District argues that the trial court lacked an evidentiary record, which it needed to reach the legal conclusion that the School District's tax appeals were

discriminatory in violation of the Uniformity Clause. We vacate and remand the matters for further proceedings.

## Background

On August 9, 2016, the School District issued a request for proposals for professional assistance to prosecute tax assessment appeals "where it is reasonably likely that an appeal of [the] assessed value will yield a minimum of an additional $7,500 of School District tax annually[.]" Request for Proposals 502 at 6; Reproduced Record at 6a (R.R. __). The School District chose Keystone Realty Advisors, LLC to identify tax assessment appeals that could meet the targeted yield and Fellerman & Ciarimboli Law, P.C., to represent the School District in the appeals.

In October 2016, the School District appealed the assessments on 138 commercial properties to the Philadelphia Board of Revision of Taxes (Board).[1] The School District did not appear or participate at the Board hearings, explaining that it did not have the information necessary for an expert appraisal of the fair market value of the properties. The Board upheld the assessments "on the papers." The School District then appealed the Board's decisions to the trial court.[2]

While the appeals were pending, some of the property owners (Taxpayers) sought a stay of the proceedings pending the Supreme Court's decision in *Valley Forge Towers*, which had raised the question of whether the Uniformity Clause permitted a taxing authority to appeal the assessments only of commercial properties. The trial court denied the stay.

---

[1] The Board of Revision of Taxes hears appeals of assessments. *See* Section 14 of the Act of June 27, 1939, P.L. 1199, *as amended*, 72 P.S. §5341.14.

[2] "[A]n appeal from the Board's ruling is heard by the trial court *de novo*." *Lincoln Philadelphia Realty Associates I v. Board of Revision of Taxes of City and County of Philadelphia*, 758 A.2d 1178, 1187 (Pa. 2000).

2

On July 6, 2017, the Supreme Court issued its ruling in *Valley Forge Towers* and held as follows:

> [A] taxing authority is not permitted to implement a program of only appealing the assessments of one sub-classification of properties, *where that sub-classification is drawn according to property type – that is, its use as commercial, apartment complex, single-family residential, industrial, or the like.*

*Valley Forge Towers*, 163 A.3d at 978 (emphasis added). Taxpayers filed motions to quash the School District's assessment appeals stating, *inter alia*, that the School District had violated the Uniformity Clause by selecting only commercial properties for assessment appeals. The School District responded that it used a monetary threshold to determine which appeals to file, and this policy conformed to the requirements of the Uniformity Clause, as construed in *Valley Forge Towers*.

Following oral argument, the trial court ruled from the bench and quashed the School District's assessment appeals. The trial court stated as follows:

> What I do have to find is that 140 cases, I can take judicial notice that there are way more commercial properties in the City of Philadelphia and there are way more residential properties, and that this was clearly a decision that was made to pick these 140 cases and to me that's clearly what Valley Forge said I'm right.
>
> … It's the decision to appeal. For other reasons that I don't need to state on the record I find that the motion to quash should be granted and in all cases the motion to quash is granted.

Hearing Transcript, 9/8/2017, at 67 (H.T., 9/8/2017, __); R.R. 869a. The School District filed the instant appeals.[3]

---

[3] The School District filed 101 appeals, involving the 138 parcels, all of which raise common questions of law. The School District filed a motion to consolidate all the actions. By order of this Court, Docket Nos. 1493-1531, 1533-1536, 1540-1552, 1554-1562, 1586-1612, 1640-1644

3

**Appeal**

On appeal,[4] the School District raises several issues.[5] First, it argues that the trial court erred in taking judicial notice of the facts needed to reach its legal conclusion that the School District's assessment appeals violated the Uniformity Clause. Second, it argues that the trial court erred in using statements of counsel made during oral argument to make findings of fact. Third, it argues that the trial court erred in its application of *Valley Forge Towers* because the School District based its policy on appeals on the amount of increased tax revenue, not property type.

Taxpayers respond that the School District appealed the assessments of only commercial properties and acknowledged that it did not evaluate any residential properties for assessment appeals. This was all the "evidence" needed to establish a violation of the Uniformity Clause. Additionally, Taxpayers contend that the trial court took notice only of indisputable facts and matters of public record with respect to the School District's assessment appeal policy.

We address the School District's issues *ad seriatim.*

**Judicial Notice**

In its first issue, the School District argues that the trial court erred in taking judicial notice of two facts. The first was that the number of commercial properties selected by the School District was fewer than the total number of

---

C.D. 2017, and 123 C.D. 2018, were consolidated. Prior to issuance of this Opinion, the actions at Docket Nos. 1495, 1518, 1527, 1540, and 1643 C.D. 2017, were discontinued.

[4] "This Court's standard of review of the trial court's order granting a motion to quash plaintiff's appeal is limited to [determining] whether the trial court committed an error of law, an abuse of discretion, or a violation of constitutional rights." *Ray v. Brookville Area School District*, 19 A.3d 29, 31 n.3 (Pa. Cmwlth. 2011).

[5] For purposes of this opinion, we have rearranged and combined several of the issues.

4

commercial properties in the City. The second was that there existed other non-commercial properties that could have met the School District's targeted tax increase of $7,500 *per annum*. The School District contends that these are disputed facts and information not generally known and, thus, could not be established by judicial notice.

We begin with a review of judicial notice. Pennsylvania Rule of Evidence 201(b) permits a trial court to "judicially notice a fact that is not subject to reasonable dispute[.]" PA. R.E. 201(b). *See also HYK Construction Company, Inc. v. Smithfield Township*, 8 A.3d 1009, 1017 (Pa. Cmwlth. 2010) (disputed facts "not within the domain of judicial notice"). In relevant part, Rule 201 states as follows:

Judicial Notice of Adjudicative Facts

(a)  Scope.  This rule governs judicial notice of an adjudicative fact only, not a legislative fact.

(b)  Kinds of Facts That May Be Judicially Noticed.  The court may judicially notice a fact that is not subject to reasonable dispute because it:

(1)  is generally known within the trial court's territorial jurisdiction; or

(2)  can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

(c)  Taking Notice.  The court:

(1)  may take judicial notice on its own; or

(2)  must take judicial notice if a party requests it and the court is supplied with the necessary information.

(d)  Timing.  The court may take judicial notice at any stage of the proceeding.

5

(e) Opportunity to Be Heard. On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.

PA. R.E. 201.

Where the court takes judicial notice of a commonly known fact, it avoids "the necessity of formally introducing evidence in those limited circumstances" to prove an incontestable issue. *Wells v. Pittsburgh Board of Public Education*, 374 A.2d 1009, 1011 (Pa. Cmwlth. 1977). However, "[j]udicial notice itself does not necessarily establish a fact." *HYK Construction Company, Inc.*, 8 A.3d at 1017. Rather, judicial notice of a fact "constitutes evidence, which like any evidence, may be rebutted." *Id.* Thus, "[i]f the evidence derived from judicial notice remains unrebutted, it may support a finding of fact." *In Interest of D.S.*, 622 A.2d 954, 958 (Pa. Super. 1993). Importantly, judicial notice "should not be used to deprive an adverse party of the opportunity to disprove the fact." *Insurance Adjustment Bureau v. Insurance Commissioner for Commonwealth of Pennsylvania*, 485 A.2d 858, 860 (Pa. Cmwlth. 1984).

In its Rule 1925(a) opinion, the trial court acknowledged that it took judicial notice of two facts, stating as follows:

[T]hat 1. The number of Selected Properties is less than the overall number of commercial properties in Philadelphia; and 2. There are non-commercial properties that could have had their assessments appealed by the School District.

Trial Court 1925(a) Opinion at 6. The trial court explained that it took judicial notice of these two facts because they were geographical in nature and generally known. *Id.* at 5-6.

6

The first fact was, simply, that there are more commercial properties in Philadelphia than were chosen by the School District to appeal. During oral argument on Taxpayers' motions to quash, the School District's counsel stated, specifically, that the trial court could take judicial notice of the fact that there are more than 140 commercial properties in the taxing district.[6] The School District has waived its challenge to the first fact on which the trial court took judicial notice.

The second fact cited in the trial court's 1925(a) opinion was that there were non-commercial or residential properties in the City that the School District could have chosen to appeal. Because this is not a fact generally known and was disputed by the School District, it could not be established by judicial notice. Accordingly, whether there are "non-commercial properties that could have had their assessments appealed by the School District," as found by the trial court, required evidence. Trial Court 1925(a) Opinion at 6. *See Green v. Schuylkill County Board of Assessment Appeals*, 772 A.2d 419, 426 (Pa. 2001) (holding that a property's market value and assessment requires evidence); *In re Jostens, Inc.*, 508 A.2d 1319, 1323 (Pa. Cmwlth. 1986) (fair market value of a property requires "competent, credible and relevant evidence"). Here, the record contains no evidence about the actual or real market value of a single non-commercial property in the City.

---

[6] At the hearing, counsel for the School District stated:

> [Trial Court:] Are you saying that I as a Court can't take judicial notice that there are more than 140 commercial properties in the City of Philadelphia[?]
>
> [Counsel for School District:] Absolutely you can, Your Honor. And there's nothing in any of the cases including [*Valley Forge Towers*] which tells the School District of Philadelphia to be Constitutional you have to appeal all of them. Their argument is a bit disingenuous. We didn't appeal enough to [sic] dismiss all of them. That makes no sense.

H.T., 9/8/2017, at 47; R.R. 849a.

7

Therefore, the trial court erred in taking judicial notice of the fact that there are non-commercial properties that could have been chosen by the School District to appeal.

## Statements of Counsel

Next, the School District contends that the trial court improperly relied upon statements of its counsel made during oral argument to find facts. Taxpayers respond that the School District's counsel had first-hand knowledge of the facts he presented to the trial court about the properties selected for appeal; therefore, the trial court appropriately accepted the statements.

In its Rule 1925(a) opinion, the trial court explained its use of statements made by the School District's attorney in court. The trial court stated that

> [t]he School District elected to present its case before the [Board] "on the papers" and without any evidence, documents or testimony as [to] what it believed to be the market value of the properties at issue. This court was therefore *required to rely solely on Counsel's statement* as to the *proposed value* and the *School District's decision as to which assessment of the many commercial properties* in the City of Philadelphia *to appeal.*

Trial Court 1925(a) Opinion at 7 (emphasis added). The question is whether counsel's statement constituted a judicial admission.

Generally, an attorney's statement in an argument does not constitute evidence. *East Norriton Township v. Gill Quarries, Inc.*, 604 A.2d 763, 766 n.9 (Pa. Cmwlth. 1992) ("[S]elf-serving, unsubstantiated and unsworn statements by counsel are not competent evidence."); *Jacquin v. Pennick,* 449 A.2d 769, 772 n.1 (Pa. Cmwlth. 1982). On the other hand, a "judicial admission is 'an express waiver made in court or preparatory to trial by a party or his attorney, conceding for the purposes of trial, the truth of the admission,' and may be contained in the pleadings, stipulations and other like documents." *Sherrill v. Workmen's Compensation Appeal*

*Board (School District of Philadelphia)*, 624 A.2d 240, 243 (Pa. Cmwlth. 1993). A judicial admission "must be a clear and unequivocal admission of fact." *Coleman v. Wyeth Pharmaceuticals, Inc.*, 6 A.3d 502, 524 (Pa. Super. 2010).

> At the hearing, counsel for the School District stated, in relevant part:
>
> [C]learly of the 140 properties we instituted with regard to the appeals, there is a vast and diverse cross section of property types.
>
> We have self storage facilities, a car wash, office space, multi-family. There's a pretty diverse subgroup. Although we don't make the subgroup. We're looking at properties based on the threshold and those were the recommendations that were made.

H.T., 9/8/2017, at 58-59; R.R. 860a-61a. These statements fall short of a judicial admission.[7] Counsel's statements were made to explain the School District's selection process for the assessment appeals. Neither the School District nor its counsel conceded that the School District considered only those commercial properties for assessment appeals.

---

[7] In its 1925(a) opinion, the trial court cited to counsel's statements as the basis for its finding that "[t]here was no dispute that the Selected Properties are all commercial (though they do represent a "diverse subgroup" of commercial properties)." Trial Court 1925(a) Opinion at 4. Further, counsel's statements do not support the trial court's description of the School District's selection process. The trial court described the process as follows:
> the School District starts by only appealing the assessments of a sub-classification of properties (i.e. commercial). It then goes on to select a sub-classification within the sub-classification: commercial properties it contends would increase the tax due by at least $7,500.
Trial Court 1925(a) Opinion at 7. At the hearing however, counsel stated "[t]he School District has one criteria, a $7,500 threshold[,]" and it "look[ed] at properties based on the threshold[.]" H.T., 9/8/2017, at 52, 58-59; R.R. 854a, 860a-61a.

9

Simply, these statements of counsel do not constitute an "incontrovertible admission," which is necessary for an attorney's statement to constitute a judicial admission. The trial court erred in otherwise holding.

**The Uniformity Clause**

Finally, the School District argues that the trial court misapplied *Valley Forge Towers* and in holding its assessment appeal policy violated the Uniformity Clause. Taxpayers respond that the School District's implementation of the appeal policy did not consider all classifications of real estate but only a subset of commercial properties. This selection violated the Uniformity Clause.

The Uniformity Clause of the Pennsylvania Constitution provides that "[a]ll taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." PA. CONST. art. VIII, §1. The Uniformity Clause ensures that "a taxpayer should pay no more or no less than his proportionate share of the cost of government." *In re Sullivan*, 37 A.3d 1250, 1254-55 (Pa. Cmwlth. 2012) (quoting *Deitch Company v. Board of Property Assessment, Appeals and Review of Allegheny County*, 209 A.2d 397, 401 (Pa. 1965)). Our Supreme Court has explained the value of the Uniformity Clause as follows:

> While every tax is a burden, it is more cheerfully borne when the citizen feels that he is only required to bear his proportionate share of that burden measured by the value of his property to that of his neighbor. This is not an idle thought in the mind of the taxpayer, nor is it a mere speculative theory advocated by learned writers on the subject; but it is a fundamental principle written into the Constitutions and statutes of almost every state in this country.

10

*Delaware, L. & W. Railway Company's Tax Assessment*, 73 A. 429, 430 (Pa. 1909).

Within a taxing district all real property "is a single class." *Valley Forge Towers*, 163 A.3d at 975. For this reason, "the Uniformity Clause does not permit the government, including taxing authorities, to treat different property sub-classifications in a disparate manner." *Id.* In *Clifton v. Allegheny County*, 969 A.2d 1197, 1212 (Pa. 2009), our Supreme Court also explained that real property is "a classification" and that the Uniformity Clause requires "all real estate [be] treated as a single class entitled to uniform treatment."

The General County Assessment Law[8] authorizes any taxing authority to appeal a real property assessment. Section 520 states as follows:

> The corporate authorities of any county, city, borough, town, township, school district or poor district, which may feel aggrieved by any assessment of any property or other subject of taxation for its corporate purposes, shall have the right to appeal therefrom in the same manner, subject to the same procedure, and with like effect, as if such appeal were taken by a taxable with respect to his property.

72 P.S. §5020-520. However, when a taxing authority exercises its discretion to appeal a real property assessment, it must do so within "constitutional boundaries." *Valley Forge Towers*, 163 A.3d at 980. A taxing authority policy to appeal only "the assessments of one sub-classification of properties, where that sub-classification is drawn according to property type" is an unconstitutional exercise of the authority's discretion. *Id.* at 978.

In *Valley Forge Towers*, taxpayers, who owned commercial property, challenged the school district's policy of appealing their tax assessments while ignoring under-assessed, single-family homes within the school district. The

---

[8] Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. §§5020-1 - 5020-602.

11

taxpayers sought to enjoin the policy as violative of the Uniformity Clause. The trial court dismissed the complaint as not stating a claim, and this Court affirmed. The Supreme Court reversed, holding as follows:

> [A] taxing authority is not permitted to implement a program of only appealing the assessments of one sub-classification of properties, where that sub-classification is drawn according to property type – that is, its use as commercial, apartment complex, single-family residential, industrial, or the like.

*Id.* The Supreme Court further explained that, "systematic disparate enforcement of the tax laws based on property sub-classification, even absent wrongful conduct, is constitutionally prohibited." *Id.* The Supreme Court cautioned, however, that its holding should not be construed as not permitting a neutral selection criterion, such as a monetary threshold, so long as it "were implemented without regard to the type of property in question or the residency status of its owner." *Id.* at 979. The Supreme Court held that the complaint stated a valid claim under the Uniformity Clause because it alleged that only commercial property assessments were appealed.

The School District contends that, unlike *Valley Forge Towers*, its assessment appeal policy was not based upon a classification or sub-classification of real property. Rather, its policy sought to appeal those under-assessed properties reasonably likely to yield a minimum of an additional $7,500 of school tax annually. School District Brief at 41. In that regard, it makes two additional points. First, it contends that Taxpayers had the burden to show that the School District's tax assessment appeal policy violated the Uniformity Clause because it constituted deliberate discrimination. Second, it contends the trial court erred in failing to

12

develop an evidentiary record before making any factual findings about the School District's assessment appeals policy.[9]

Taxpayers respond that the School District's own description of its policy states a Uniformity Clause violation because it selected only commercial real estate for assessment appeals. The selection of a subset of commercial real estate, *i.e.*, those properties that would generate additional tax revenue of $7,500, also violated the Uniformity Clause. Taxpayers' Brief at 11.

*Valley Forge Towers* prohibits the selection of only commercial properties for assessment appeals but left open the possibility of using "monetary thresholds" to choose assessment appeals. Our Supreme Court explained the "use of a monetary threshold" may be constitutional "*if it were implemented* without regard to the type of property or the residency status of its owner.*" Valley Forge Towers,* 163 A.3d at 979 (emphasis added). The School District asserts that it used a monetary threshold that eliminated residential properties from its policy. This fact needs evidence to resolve.

---

[9] The School District contends that the trial court was obligated to follow applicable state and local rules of civil procedure and develop a record to resolve the disputed factual issues. School District Brief at 22. Philadelphia Rule of Civil Procedure 208.3(b)(2)(F) provides that, where a motion raises disputed factual issues, those issues "shall be determined as the Court may provide pursuant to Pa. R.C.P. [No.] 208.4(b)." PHILA. CIV. R. 208.3(b)(2)(F). Pennsylvania Rule of Civil Procedure 208.4(b)(1) states:

> (b)(1) If the moving party seeks relief based on disputed facts for which a record must be developed, the court, upon its own motion or the request of any party including the moving party, *may* enter an order in the form set forth in paragraph (2) providing for the issuance of a rule to show cause. The procedure following issuance of the rule to show cause shall be in accordance with Rule 206.7.

PA. R.C.P. NO. 208.4(b)(1) (emphasis added). Pursuant to Rule 208.4(b)(1), it is discretionary with the trial court as to whether to issue a rule to show cause. Here, the trial court appears to have elected not to issue a rule to show cause.

13

The trial court deemed the School District's "use of a facially-neutral monetary threshold" irrelevant.[10] Taxpayers' motions and briefs used extrinsic evidence in an effort to refute the School District's assertion.[11] However, the trial court needed an evidentiary record on this disputed issue of fact, which it lacked.

It is beyond peradventure that disputed facts require an evidentiary hearing. Allegations in motions and responses thereto "do not constitute evidence such that the trial court need not have conducted an evidentiary hearing on the disputed issues of fact." *City of Philadelphia v. AFSCME, District Council 47*, 708 A.2d 886, 889 (Pa. Cmwlth. 1998). In the face of the conflict in the parties' respective filings with respect to the School District's assessment appeals policy, an evidentiary record is needed.

---

[10] The trial court explained:

> *Valley Forge* [*Towers*] states, explicitly, "nothing in this opinion should be construed as suggesting that the use of a monetary threshold – such as the one challenged in [*In re Springfield School District*, 101 A.3d 835, 849 (Pa. Cmwlth. 2014)]- or some other selection criteria would violate uniformity if it were implemented without regard to the type of property in question or the residency status of its owner." *Valley Forge* [*Towers*] at 979. However, *the School District's use of a facially-neutral monetary threshold is irrelevant here, as the School District acknowledges that the instant appeals were only as to commercial properties*. The Uniformity Clause "does not allow the government to engage in disparate tax treatment of different sub-classifications of real property, such as residential versus commercial." *Valley Forge* [*Towers*] at 967, n.4.

Trial Court 1925(a) Opinion at 6-7 (emphasis added).

[11] Taxpayers attached various documents to their briefs, such as a list of taxable assessment increases and a list of single-family residential and residential land sales, stating that these documents "illustrate the fact that the School District did … target a small subclass of property and didn't conduct a comprehensive analysis of all properties and all property types within the City of Philadelphia." H.T., 9/8/2017, at 22; R.R. 824a.

14

## Conclusion

For these reasons, this Court has no alternative except to vacate the orders of the trial court and remand the cases for an evidentiary hearing, after which the trial court shall make findings of fact as to the School District's selection process for assessment appeals and then decide Taxpayers' motions to quash the School District's appeals.

_____
MARY HANNAH LEAVITT, President Judge

Judge Cohn Jubelirer and Judge Fizzano Cannon did not participate in the decision in this case.

15

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| The School District of Philadelphia, Appellant | : : : | |
| v. | : : : | No. 1493 C.D. 2017 |
| Board of Revision of Taxes, The City of Philadelphia and Federal Realty Management a/k/a Andorra Shopping Center | : : : : : | |
| | | |
| The School District of Philadelphia, Appellant | : : : | |
| v. | : : : | No. 1494 C.D. 2017 |
| Board of Revision of Taxes, The City of Philadelphia and Philadelphia Pharmacy DST a/k/a CVS | : : : | |
| | | |
| The School District of Philadelphia, Appellant | : : : | |
| v. | : : : | No. 1496 C.D. 2017 No. 1497 C.D. 2017 |
| Board of Revision of Taxes, The City of Philadelphia and Philadelphia Market Street a/k/a Marriott Downtown | : : : | |
| | | |
| The School District of Philadelphia, Appellant | : : : | |
| v. | : : : | No. 1498 C.D. 2017 |
| Board of Revision of Taxes, The City of Philadelphia and FC Bell Associates LP a/k/a The Lofts at 1835 Arch | : : : : | |

The School District of Philadelphia : 
                Appellant : 
                                      : 
                v. :    No. 1499 C.D. 2017
                                        : 
Board of Revision of Taxes, The City : 
of Philadelphia and XHR Philadelphia : 
17 LLC a/k/a Kimpton Hotel Palomar : 

The School District of Philadelphia, : 
                Appellant : 
                                      : 
                v. :    No. 1500 C.D. 2017
                                        :    No. 1501 C.D. 2017
Board of Revision of Taxes, The City : 
of Philadelphia and WWW Premier : 
Holdings LLC a/k/a Winchester Walk : 

The School District of Philadelphia, : 
                Appellant : 
                                      : 
                v. :    No. 1502 C.D. 2017
                                        : 
Board of Revision of Taxes, The City : 
of Philadelphia and Two Logan Square : 
Associates : 

The School District of Philadelphia, : 
                Appellant : 
                                      : 
                v. :    No. 1503 C.D. 2017
                                        :    No. 1504 C.D. 2017
Board of Revision of Taxes, The City : 
of Philadelphia and Two Liberty Place : 
LP :

| | | |
|---|---|---|
| The School District of Philadelphia,<br>Appellant | : | |
| | : | |
| | : | |
| v. | : | No. 1505 C.D. 2017 |
| | : | |
| Board of Revision of Taxes, The City<br>of Philadelphia and T C Pepper<br>Building G P LLC a/k/a The Pepper<br>Building | : | |

The School District of Philadelphia,
                          Appellant         :

             v.         :   No. 1506 C.D. 2017

Board of Revision of Taxes, The City
of Philadelphia and SWP Real Estate
LLC                           :

The School District of Philadelphia,
                          Appellant         :

             v.         :   No. 1507 C.D. 2017
                                 :   No. 1508 C.D. 2017
Board of Revision of Taxes, The City  :
of Philadelphia and SPSP Corporation :

The School District of Philadelphia,
                          Appellant         :

             v.         :   No. 1509 C.D. 2017

Board of Revision of Taxes, The City
of Philadelphia and SLT Phila LLC
St. Regis Phila a/k/a Westin Hotel    :

The School District of Philadelphia, : 
        Appellant : 
         : 
        v. :   No. 1510 C.D. 2017
         : 
Board of Revision of Taxes, The City : 
of Philadelphia and Sir Philadelphia : 
LLC a/k/a PNC Bank Operations : 
Center : 


The School District of Philadelphia, : 
        Appellant : 
         : 
        v. :   No. 1511 C.D. 2017
         : 
Board of Revision of Taxes, The City : 
of Philadelphia and PRU 1901 Market : 
LLC a/k/a 1901-1917 Market Street : 


The School District of Philadelphia : 
        Appellant : 
         : 
        v. :   No. 1512 C.D. 2017
         : 
Board of Revision of Taxes, The City : 
of Philadelphia and Red Lion MZL : 
LP : 


The School District of Philadelphia, : 
        Appellant : 
         : 
        v. :   No. 1513 C.D. 2017
         :   No. 1515 C.D. 2017
Board of Revision of Taxes, The City : 
of Philadelphia and Market Square : 
Plaza I LLC :

| | | |
|---|---|---|
| The School District of Philadelphia,<br>Appellant | : | |
| | : | |
| | : | |
| v. | : | No. 1514 C.D. 2017 |
| | : | |
| Board of Revision of Taxes, The City<br>of Philadelphia and Maguire/Thomas<br>PTNS Phila Plaza Phase II | : | |
| | : | |
| | : | |
| The School District of Philadelphia,<br>Appellant | : | |
| | : | |
| | : | |
| v. | : | No. 1516 C.D. 2017 |
| | : | |
| Board of Revision of Taxes, The City<br>of Philadelphia and HUB Properties<br>Trust now owned by Commonwealth<br>of PA – SEPTA | : | |
| | : | |
| | : | |
| | : | |
| The School District of Philadelphia,<br>Appellant | : | |
| | : | |
| | : | |
| v. | : | No. 1517 C.D. 2017 |
| | : | |
| Board of Revision of Taxes, The City<br>of Philadelphia and Hill House<br>Apartment Association a/k/a The<br>Watermark | : | |
| | : | |
| | : | |
| | : | |
| The School District of Philadelphia,<br>Appellant | : | |
| | : | |
| | : | |
| v. | : | No. 1519 C.D. 2017 |
| | : | |
| Board of Revision of Taxes, The City<br>of Philadelphia and G2 S2 ASSPC LP<br>a/k/a 1605 Sansom | : | |

| | | |
|---|---|---|
| The School District of Philadelphia,<br>Appellant | : | |
| | : | |
| | : | |
| v. | : | No. 1520 C.D. 2017 |
| | : | |
| Board of Revision of Taxes, The City<br>of Philadelphia and Philadelphia<br>Hospitality Arden Group a/k/a Ritz<br>Carlton | : | |
| | : | |
| | : | |
| | : | |
| | : | |

| | | |
|---|---|---|
| The School District of Philadelphia,<br>Appellant | : | |
| | : | |
| | : | |
| v. | : | No. 1521 C.D. 2017 |
| | : | |
| Board of Revision of Taxes, The City<br>of Philadelphia and Executive House<br>Investors | : | |
| | : | |
| | : | |

| | | |
|---|---|---|
| The School District of Philadelphia,<br>Appellant | : | |
| | : | |
| | : | |
| v. | : | No. 1522 C.D. 2017 |
| | : | |
| Board of Revision of Taxes, The City<br>of Philadelphia and Phila Liberty PLA<br>E LP a/k/a Liberty One | : | |
| | : | |
| | : | |

| | | |
|---|---|---|
| The School District of Philadelphia,<br>Appellant | : | |
| | : | |
| | : | |
| v. | : | No. 1523 C.D. 2017 |
| | : | |
| Board of Revision of Taxes, The City<br>of Philadelphia and Executive House<br>Investors | : | |
| | : | |

The School District of Philadelphia, : 
      Appellant : 
                       : 
         v. :   No. 1524 C.D. 2017
                       : 
Board of Revision of Taxes, The City : 
of Philadelphia and PECO Energy : 
Company : 


The School District of Philadelphia, : 
      Appellant : 
                       : 
         v. :   No. 1525 C.D. 2017
                       : 
Board of Revision of Taxes, The City : 
of Philadelphia and Park Towne Place : 
Assoc. : 


The School District of Philadelphia, : 
      Appellant : 
                       : 
         v. :   No. 1526 C.D. 2017
                       : 
Board of Revision of Taxes, The City : 
of Philadelphia and Panco CC : 
Rittenhouse Row Rittenhouse Row : 
Investors a/k/a American Patriots Bldg : 


The School District of Philadelphia, : 
      Appellant : 
                       : 
         v. :   No. 1528 C.D. 2017
                       : 
Board of Revision of Taxes, The City : 
of Philadelphia and CRP-Grep : 
Rushwood a/k/a Rushwood Apartments : 
now owned by RSW Premier Holdings : 
LLC :

The School District of Philadelphia, : 
       Appellant : 
         : 
         : 
       v. :   No. 1529 C.D. 2017
         : 
Board of Revision of Taxes, The City : 
of Philadelphia and OLS Office : 
Partners LP : 


The School District of Philadelphia, : 
       Appellant : 
         : 
         : 
       v. :   No. 1530 C.D. 2017
         : 
Board of Revision of Taxes, The City : 
of Philadelphia and Offices at Two : 
Liberty PL : 


The School District of Philadelphia, : 
       Appellant : 
         : 
         : 
       v. :   No. 1531 C.D. 2017
         : 
Board of Revision of Taxes, The City : 
of Philadelphia and MREF 401 LP : 
a/k/a 401 Market Street : 


The School District of Philadelphia, : 
       Appellant : 
         : 
         : 
       v. :   No. 1533 C.D. 2017
         : 
Board of Revision of Taxes, The City : 
of Philadelphia and Jar Chocolate : 
Works LP :

The School District of Philadelphia, : 
                Appellant : 
                       : 
          v. :    No. 1534 C.D. 2017
                       : 
Board of Revision of Taxes, The City : 
of Philadelphia and Courts-UCAL LLC :

The School District of Philadelphia, : 
                Appellant : 
                       : 
          v. :    No. 1535 C.D. 2017
                       : 
Board of Revision of Taxes, The City : 
of Philadelphia and Henry on the Park : 
JV LP :

The School District of Philadelphia, : 
                Appellant : 
                       : 
          v. :    No. 1536 C.D. 2017
                       : 
Board of Revision of Taxes, The City : 
of Philadelphia and Commerce Square : 
Partners :

The School District of Philadelphia, : 
                Appellant : 
                       : 
          v. :    No. 1541 C.D. 2017
                       : 
Board of Revision of Taxes, The City : 
of Philadelphia and 2400 Market VII : 
LP a/k/a Marketplace Design Center :

The School District of Philadelphia,
            Appellant                    :
                                         :
                                         :
            v.                           :    No. 1542 C.D. 2017
                                         :
Board of Revision of Taxes, The City     :
of Philadelphia and 1616-26 Walnut       :
Street                                   :


The School District of Philadelphia,
            Appellant                    :
                                         :
                                         :
            v.                           :    No. 1543 C.D. 2017
                                         :
Board of Revision of Taxes, The City     :
of Philadelphia and 1500 Locust          :
Limited                                  :


The School District of Philadelphia,
            Appellant                    :
                                         :
                                         :
            v.                           :    No. 1544 C.D. 2017
                                         :
Board of Revision of Taxes, The City     :
of Philadelphia and Aimco Chestnut       :
Hall Ltd Partnership a/k/a Chestnut      :
Hall Apartments                          :


The School District of Philadelphia,
            Appellant                    :
                                         :
                                         :
            v.                           :    No. 1545 C.D. 2017
                                         :    No. 1546 C.D. 2017
Board of Revision of Taxes, The City     :
of Philadelphia and Charter Court        :
Holdings LL a/k/a Charter Court          :
Apartments                               :

The School District of Philadelphia,                :
               Appellant                :
                                  :
                  v.                :   No. 1547 C.D. 2017
                                    :
Board of Revision of Taxes, The City                :
of Philadelphia and Cedar                :
Quartermaster III L                :

The School District of Philadelphia,                :
               Appellant                :
                                    :
                  v.                :   No. 1548 C.D. 2017
                                    :
Board of Revision of Taxes, The City                :
of Philadelphia and Cedar                :
Quartermaster II LL                :

The School District of Philadelphia,                :
               Appellant                :
                                    :
                  v.                :   No. 1549 C.D. 2017
                                    :
Board of Revision of Taxes, The City                :
of Philadelphia and Cedar                :
Quartermaster LLC                :

The School District of Philadelphia,                :
               Appellant                :
                                    :
                  v.                :   No. 1550 C.D. 2017
                                    :   No. 1555 C.D. 2017
Board of Revision of Taxes, The City                :   No. 1562 C.D. 2017
of Philadelphia and 2400 Market VII                :
LP a/k/a Marketplace Design Center                :

The School District of Philadelphia,       :
          Appellant                        :
                                           :
          v.                               :     No. 1551 C.D. 2017
                                           :
Board of Revision of Taxes, The City       :
of Philadelphia and 23rd Street Garage     :
VII LP                                     :


The School District of Philadelphia,       :
          Appellant                        :
                                           :
          v.                               :     No. 1552 C.D. 2017
                                           :
Board of Revision of Taxes, The City       :
of Philadelphia and 618 Market LP          :


The School District of Philadelphia,       :
          Appellant                        :
                                           :
          v.                               :     No. 1554 C.D. 2017
                                           :
Board of Revision of Taxes, The City       :
of Philadelphia and Brandywine             :
Operating Partners LP a/k/a Bell           :
Atlantic Tower                             :


The School District of Philadelphia,       :
          Appellant                        :
                                           :
          v.                               :     No. 1556 C.D. 2017
                                           :
Board of Revision of Taxes, The City       :
of Philadelphia and Cedar-South            :
Philadelphia                               :

| | | |
|---|---|---|
| The School District of Philadelphia, Appellant | : | |
| | : | |
| | : | |
| v. | : | No. 1557 C.D. 2017 |
| | : | |
| Board of Revision of Taxes, The City of Philadelphia and 1760 Market Partners LP | : | |
| | : | |
| | : | |
| | | |
| The School District of Philadelphia, Appellant | : | |
| | : | |
| | : | |
| v. | : | No. 1558 C.D. 2017 |
| | : | |
| Board of Revision of Taxes, The City of Philadelphia and Brandywine Operating Part | : | |
| | : | |
| | : | |
| | | |
| The School District of Philadelphia, Appellant | : | |
| | : | |
| | : | |
| v. | : | No. 1559 C.D. 2017 |
| | : | |
| Board of Revision of Taxes, The City of Philadelphia and BA Parkway Associates II a/k/a Embassy Suites | : | |
| | : | |
| | : | |
| | | |
| The School District of Philadelphia, Appellant | : | |
| | : | |
| | : | |
| v. | : | No. 1560 C.D. 2017 |
| | : | |
| Board of Revision of Taxes, The City of Philadelphia and Aquinas 2021 Chestnut STR a/k/a 2021 Chestnut now owned by Aquinas Realty Investors | : | |

The School District of Philadelphia, : 
            Appellant : 
: 
            v. : No. 1561 C.D. 2017
: 
Board of Revision of Taxes, The City : 
of Philadelphia and 777 South Broad : 
Street AS : 


The School District of Philadelphia, : 
            Appellant : 
: 
: 
            v. : No. 1586 C.D. 2017
: 
Board of Revision of Taxes, The City : 
of Philadelphia and 1500 Net Works : 
Associates a/k/a Net Works Building : 


The School District of Philadelphia, : 
            Appellant : 
: 
: 
            v. : No. 1587 C.D. 2017
: 
Board of Revision of Taxes, The City : 
of Philadelphia and ARD Grant a/k/a : 
The Court at Grant : 


The School District of Philadelphia, : 
            Appellant : 
: 
: 
            v. : No. 1588 C.D. 2017
: No. 1589 C.D. 2017
Board of Revision of Taxes, The City : No. 1605 C.D. 2017
of Philadelphia and ARD Grant LP : No. 1610 C.D. 2017
a/k/a The Court at Grant :

| | | |
|---|---|---|
| The School District of Philadelphia, Appellant | : : : | |
| v. | : : | No. 1590 C.D. 2017 |
| Board of Revision of Taxes, The City of Philadelphia and Philadelphia-Harbison LP | : : : | |

| | | |
|---|---|---|
| The School District of Philadelphia, Appellant | : : : | |
| v. | : : | No. 1591 C.D. 2017 |
| Board of Revision of Taxes, The City of Philadelphia and Public Storage Properties XVIII | : : : | |

| | | |
|---|---|---|
| The School District of Philadelphia, Appellant | : : : | |
| v. | : : | No. 1592 C.D. 2017 |
| Board of Revision of Taxes, The City of Philadelphia and Treeco/Manor Limited Part | : : : | |

| | | |
|---|---|---|
| The School District of Philadelphia, Appellant | : : : | |
| v. | : : | No. 1593 C.D. 2017 |
| Board of Revision of Taxes, The City of Philadelphia and 3201 Layton Realty Corp | : : : | |

The School District of Philadelphia,  :
         Appellant  :
   :
         v.  :   No. 1594 C.D. 2017
   :
Board of Revision of Taxes, The City  :
of Philadelphia and 4401 Walnut  :
Holdings LLC  :


The School District of Philadelphia,  :
         Appellant  :
   :
         v.  :   No. 1595 C.D. 2017
   :
Board of Revision of Taxes, The City  :
of Philadelphia and Stratford Hamilton  :
LP a/k/a Hamilton Court Apartments  :


The School District of Philadelphia,  :
         Appellant  :
   :
         v.  :   No. 1596 C.D. 2017
   :
Board of Revision of Taxes, The City  :
of Philadelphia and Post Rittenhouse  :
Hill LP a/k/a Rittenhouse Hill  :
Apartments  :


The School District of Philadelphia,  :
         Appellant  :
   :
         v.  :   No. 1597 C.D. 2017
   :
Board of Revision of Taxes, The City  :
of Philadelphia and Boulevard North  :
Associate a/k/a Whitman Square  :

The School District of Philadelphia, : 
          Appellant : 
                     : 
          v. :    No. 1598 C.D. 2017
                     : 
Board of Revision of Taxes, The City : 
of Philadelphia and Boulevard North : 
Associate LP a/k/a Whitman Square : 


The School District of Philadelphia, : 
          Appellant : 
                     : 
          v. :    No. 1599 C.D. 2017
                     :    No. 1601 C.D. 2017
Board of Revision of Taxes, The City : 
of Philadelphia and Delaware East : 
Assoc. LP a/k/a Columbus Commons : 


The School District of Philadelphia, : 
          Appellant : 
                     : 
          v. :    No. 1600 C.D. 2017
                     : 
Board of Revision of Taxes, The City : 
of Philadelphia and Delaware East : 
Assoc. a/k/a Columbus Commons : 


The School District of Philadelphia, : 
          Appellant : 
                     : 
          v. :    No. 1602 C.D. 2017
                     :    No. 1603 C.D. 2017
Board of Revision of Taxes, The City :    No. 1604 C.D. 2017
of Philadelphia and PR Northeast : 
Limited Partnership a/k/a Northeast : 
Tower Center :

| | | |
|---|---|---|
| The School District of Philadelphia, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1606 C.D. 2017 |
| | : | |
| Board of Revision of Taxes, The City | : | |
| of Philadelphia and Center City | : | |
| Chestnut LLC a/k/a Nineteen Thirty | : | |
| Chestnut | : | |


| | | |
|---|---|---|
| The School District of Philadelphia, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1607 C.D. 2017 |
| | : | |
| Board of Revision of Taxes, The City | : | |
| of Philadelphia and Center City Walnut | : | |
| LLC | : | |


| | | |
|---|---|---|
| The School District of Philadelphia, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1608 C.D. 2017 |
| | : | No. 1612 C.D. 2017 |
| Board of Revision of Taxes, The City | : | |
| of Philadelphia and PR Walnut | : | |
| Associates LP | : | |


| | | |
|---|---|---|
| The School District of Philadelphia, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1609 C.D. 2017 |
| | : | |
| Board of Revision of Taxes, The City | : | |
| of Philadelphia and Delaware East | : | |
| Associates a/k/a Columbus Commons | : | |

The School District of Philadelphia, : 
                Appellant : 
                 : 
            v. : No. 1611 C.D. 2017
                 : 
Board of Revision of Taxes, The City : 
of Philadelphia and PR Chestnut : 
Associates LP : 


The School District of Philadelphia, : 
                Appellant : 
                 : 
            v. : No. 1640 C.D. 2017
                 : 
Board of Revision of Taxes, The City : 
of Philadelphia and Safeguard : 
Frankford LLC : 


The School District of Philadelphia, : 
                Appellant : 
                 : 
            v. : No. 1641 C.D. 2017
                 : 
Board of Revision of Taxes, The City : 
of Philadelphia and Safeguard Pa II, : 
LLC : 


The School District of Philadelphia, : 
                Appellant : 
                 : 
            v. : No. 1642 C.D. 2017
                 : 
Board of Revision of Taxes, The City : 
of Philadelphia and 1513 Walnut, LLC :

The School District of Philadelphia, : 
              Appellant : 
             : 
            v. :   No. 1644 C.D. 2017
             : 
Board of Revision of Taxes, The City : 
of Philadelphia and CLF Red Lion : 
Road Philadelphia : 

 

The School District of Philadelphia, : 
              Appellant : 
             : 
            v. :   No. 123 C.D. 2018
             :   Argued: March 12, 2019
Board of Revision of Taxes, The City : 
of Philadelphia and Prime 62nd St., LLC :

# O R D E R

AND NOW, this 22nd day of August, 2019, the orders of the Court of Common Pleas of Philadelphia County dated September 22, 2017, and December 20, 2017, in the above-captioned matter are VACATED and REMANDED for proceedings consistent with the attached opinion.

Jurisdiction relinquished.


_____
MARY HANNAH LEAVITT, President Judge